Katherine Marie REESE, Relator,

v.

Honorable James A. PIPERI, Judge, et al., Respondents.

No. B–5677.

Supreme Court of Texas.

March 3, 1976.

Shirley, Chilton & Shirley, Douglas H. Chilton, Texas City, for relator.

Simpson, Morgan & Burwell, Inc., Susan W. Burris, Texas City, James A. Piperi, Galveston, for respondents.

REAVLEY, Justice.

Katherine Marie Reese seeks by this original proceeding to obtain issuance of a writ of mandamus to compel Honorable James A. Piperi, Judge of the Domestic Relations Court of Galveston County, to vacate an order purporting to grant a new trial in Cause No. 18,035 in that court. That cause is a divorce case originally filed by Katherine Marie Reese against Tony James Reese in November of 1974. The following events and dates are important:

On May 16, 1975 a default judgment was granted in favor of Katherine Reese.

On May 23, 1975 Tony Reese filed a motion for new trial, alleging that he had failed to appear in the cause for the reason that his wife had told him that it had been dismissed.

On June 25, 1975 a hearing was held on the motion for new trial at which time the trial judge announced his intention to grant the new trial on June 30 if the two parties were not able to resolve their differences by that time.

Nothing further happened until September 5, 1975 when the trial judge signed an order granting the motion for new trial.

Relator contends that the motion for new trial was overruled by operation of law on July 7, that date being 45 days after May 23 when the motion was filed. It would follow that the trial court had lost its jurisdiction before September 5 and that the judgment of May 16 is final. Relator's position is well taken.

Rule 329b(3) of the Texas Rules of Civil Procedure provides:

All motions and amended motions for new trial must be determined within not exceeding forty-five (45) days after the original or amended motion is filed, unless by one or more successive written agreements of the parties in the case filed with the clerk of the court the decision of the motion is postponed to a day certain specifically set out in any such agreement. . . .

In the present case there has been no written agreement of the parties postponing the decision to a date certain. Therefore Rule 329b(4) is operative and "such motion will be overruled by operation of law forty-five (45) days after the same is filed, unless disposed of by an order rendered on or before said date."

If the motion for new trial was overruled by operation of law on July 7, the judgment became final 30 days thereafter and could not be set aside by the trial court except by bill of review. Rule 329b(5).

■ The contention of the respondent is that there was an oral rendition on June 25 which did grant the motion for new trial and which the trial court should now be allowed to enter nunc pro tunc (if we are not willing to consider this to be the nature of the order of September 5). We cannot accept this view of the matter for two reasons. In the first place there was no rendition on June 25. The following statements were made by the judge at the close of the hearing:

THE COURT: You may step aside little lady. Now, Mr. Reese, again I'll tell you by law, I have to grant a new trial. There's no way I can get out of it. I will grant it. I will take this case under advisement. I expect to hear from you lawyers Monday at noon. If you don't resolve it, I will grant a new trial. The cause will be taken under advisement until Monday which is the 30th.

MR. CHILTON: Did you set a definite time, Your Honor?

THE COURT: No, I'm not going to have a hearing. You let me know if you have worked out anything or not. If not, I will grant a new trial and set the case down for hearing. The case will be taken under advisement until Monday, June 30th, 1975 by 11:45 A.M. Thank you very much.

The trial judge makes his intention known. If the parties do not "work out anything," he will grant a new trial. The judge's intention to render judgment in the future cannot be a present rendition of judgment. The rendition of judgment is a present act, either by spoken word or signed memorandum, which decides the issues upon which the ruling is made. The opportunities for error and confusion may be minimized if judgments will be rendered only in writing and signed by the trial judge after careful examination. Oral rendition is proper under the present rules, but orderly administration requires that form of rendition to be in and by spoken words, not in mere cognition, and to have effect only insofar as those words state the pronouncement to be a present rendition of judgment.

■ If it were proper for Judge Piperi to enter a nunc pro tunc judgment in the Reese case on September 5, that entry could only reflect the prior judgment or order that was actually rendered. No such actual rendition is shown by the record.

Under our view of the rules there is a further problem. If an oral pronouncement

by the court were to satisfy the requirements of Rule 329b(4) and if this rendition could be entered months later in the form of a nunc pro tunc order, the trial judge could extend the time for final disposition of the motion for new trial far beyond the period prescribed by Rule 329b—despite the express language of Rule 5 that the court "may not enlarge the period for taking any action under the rules relating to new trials . . . except as stated in the rules relating thereto or the period for taking an appeal or writ of error from the trial court to any higher court . . . except as stated in the rules relating thereto. . ."

Rule 306a provides that for purposes of determining the time in which various steps of an appeal must be taken, the date of rendition of an order is that date "upon which the written draft thereof was signed by the trial judge as stated therein." It is an order of that nature—that is, a written and signed order which effectively measures time for the appellate steps—to which Rule 329b(4) refers when it provides that a motion for new trial will be overruled by operation of law 45 days after the same is filed, "unless disposed of by an order rendered on or before said date." *Washington v. Golden State Mutual Life Ins. Co.*, 405 S.W.2d 856 (Tex.Civ.App.1966, writ ref'd, 408 S.W.2d 227, Tex.1966); see *Texas Employers' Ins. Ass'n v. Martin*, 162 Tex. 376, 347 S.W.2d 916 (1961). Absent a written agreement postponing the decision to a date certain, an order must be in writing and signed by the 45th day. This gives effect to the requirements of the rule and of the cases that the motion must be determined within 45 days. See *Fulton v. Finch*, 162 Tex. 351, 346 S.W.2d 823 (1961). The holding of *Travelers Express Co., Inc. v. Rener*, 493 S.W.2d 549 (Tex.Civ.App.1973, no writ) is disapproved.

This is not to say that the trial judge may not grant a new trial during the 30 days following the overruling of the motion of the party who sought a new trial. Rule 329b(5) gives the trial judge that preroga-

tive prior to the judgment becoming final. The September 5 order in the present case, however, came long after the judgment had become final.

We assume that Judge Piperi will vacate his order of September 5, 1975, and a writ of mandamus will issue only if he should fail to do so.