NO. 07-00-0511-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MAY 10, 2001



______________________________




GUADALUPE ALANIZ, APPELLANT



V.



WAYNE CROTWELL, INDIVIDUALLY AND,


D/B/A CROTWELL-HINSON FARMS, APPELLEE




_________________________________



FROM THE 121ST DISTRICT COURT OF TERRY COUNTY;



NO. 14,675; HONORABLE KELLY G. MOORE, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 On April 9, 2001, appellee Wayne Crotwell filed a Notice of Bankruptcy in this
appeal. A certified copy of his Voluntary Petition in the United States Bankruptcy Court
for the Northern District of Texas was attached to the notice. The certified copy of the
petition in bankruptcy reflects that the original of the petition was filed with the bankruptcy
court clerk on March 30, 2001. 

 Pursuant to Tex. R. App. P. 8, this appeal is suspended until further order of this
court. The parties are directed to take such action as is appropriate to advise the clerk of
this court of any change in the status of appellee's bankruptcy proceeding which would
affect the status of this appeal, including but not limited to the filing of a Motion to
Reinstate pursuant to Tex. R. App. P. 8.3.


 Per Curiam

Do not publish.



The agreement was
transcribed into the record at a hearing conducted by the trial court on November 21, 2002,
a date some five weeks before expiration of the waiting period. And, though all recognized
that a final judgment could not be entered upon the agreement at the time of the hearing,
each acceded to the execution of temporary orders incorporating it. Then, the trial court
not only approved the accord but also informed the litigants that their bargain would be
incorporated into a final judgment when the prescribed waiting period lapsed. 

 After the temporary orders were executed but before the trial court signed a written
judgment, Edna moved to withdraw her consent to the agreement. A hearing was held on
the motion, after which it was denied. Subsequently, the trial court signed a final decree
of divorce. Therein, it stated that the parties previously had "entered into an Agreement
Incident to Divorce . . .," that the trial court had approved the agreement, and that the
property division reflected in the document was "in accordance with the agreement." 

Authority


 According to the Texas Supreme Court, one may revoke consent to a settlement
agreement at any time before judgment is rendered on the agreement. S & A Restaurant
Corp. v. Leal, 892 S.W.2d 855, 857 (Tex. 1995). This is so because a trial court cannot
render a valid agreed judgment absent the consent of the parties at the time it is rendered. 
Padilla v. LaFrance, 907 S.W.2d 454, 461 (Tex. 1995). That the litigants may have
satisfied the elements of Texas Rule of Civil Procedure 11 in arriving at the accord matters
not; consent at the time judgment is rendered must still exist. (1) Id. Moreover, a judgment
rendered after one party revokes his consent is void. (2) S & A Restaurant Corp. v. Leal, 892
S.W.2d at 857.

 Next, a trial court renders judgment when it officially announces its decision in open
court or by written memorandum filed with the clerk. Id. An intent to render judgment in
the future does not satisfy this test, however. Id. at 857-58; quoting, Reese v. Piperi, 534
S.W.2d 329 (Tex. 1976). Rather, the words spoken or written by the trial court must evince
a present, as opposed to future, act that effectively decides the issues before the court. 
Id. In other words, it must "clearly indicate the intent to render judgment at the time the
words are expressed." Id. 

Application of Authority 


 Here, the record clearly illustrates that Edna withdrew her consent to the November
21, 2002 agreement before the trial court signed the final decree. Yet, Danny argues that
this is unimportant since the trial court actually rendered judgment during the November
21st hearing. We disagree. 

 At the end of the November hearing, the following discourse occurred:

 COURT: Okay. Are we going to do one of two things, No. 1, we can
just go ahead and approve the agreement as to a temporary basis and
enter the temporary orders or we can approve the agreement as to a
temporary basis, enter the temporary orders, and I can make a finding that
the evidence substantiates the granting of the divorce and grant the divorce
contingent on the expiration of the 60 days and the submission of the decree
and the people will not have to come back.


 Counsel: That was our intent, Your Honor, the latter, the temporary
as well as - -


 COURT: Is that what you folks want me to do? In other words, make
a finding that based on what I have heard so far, you have satisfied the
Texas Family Code and your evidence substantiates the granting of the
divorce but you're not divorced. You will not be divorced until after January
the 1st of 2003, at which time Mr. Butler [Edna's attorney] and Mr. Ratliff
[Danny's attorney] would submit a decree to the Court and at that time I
would sign the decree and your divorce would be granted upon signature
and entry of the decree. So, in effect, you would be held under and bound
under these temporary orders pending the signing of the decree at which
time your divorce will be final. Is that what you folks want to do?


 [Edna]: That's fine.


 [Danny]: Yes, sir.

* * *


 COURT: Okay. The Court then this date based on the evidence
submitted to the Court, the Court makes a finding that the evidence
substantiates the granting to Edna Sue Anderson Woods a divorce from
Danny Craig Woods. As to a temporary basis and to a permanent dissolution
of the community property, the Court approves the parties [sic] agreement all
as per the record made this date.


 Whenever the temporary orders are signed and approved by the
attorneys as to form, they will forward it to me and I will sign it and you will be
bound by these temporary orders during the pendency of the divorce. 
Whenever the 60 days expire, which will be January the 1st, 2003, they will
submit a final decree to me that has the property division all as per the record
made this date in the decree. I will sign it, and your divorce will be final at
that time upon signature and entry of the decree. 

(Emphasis added). As can be seen, the italicized passages contain words short of evincing
a clear intent to finally adjudicate (at the time the words were uttered) the rights involved. 
Indeed, the trial court recognized that it could not so resolve the issues at that time. Thus,
it decided to issue "temporary orders" memorializing the agreement "during the pendency
of the divorce." And, once the requisite 60-day period lapsed, the parties were to then
"submit a final decree . . . that has the property division . . .", which decree the trial court
would sign to finalize the divorce. Explicit in these words was the need for further action,
though the trial court obviously revealed the nature of the decision that would be
encompassed by that action. And, the action consisted of the execution of a written decree
containing the parties' agreement. Because of that, we cannot say that the trial court
rendered judgment at the November 21st hearing. (3) 

 In sum, the trial court erred by incorporating into its judgment an agreement which
Edna had previously revoked. Accordingly, we reverse that portion of the judgment that
divides the marital estate of Edna and Danny Woods, affirm the remainder of the decree,
and remand the cause for further proceedings.


 Brian Quinn

 Chief Justice
1. Per Rule 11, ". . . no agreement between attorneys or parties touching any suit pending will be
enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made
in open court and entered of record." Tex. R. Civ. P. 11.
2. Though the judgment may be void, that does not necessarily render the underlying agreement
unenforceable. See Padilla v. LaFrance, 907 S.W.2d 454, 461 (Tex. 1995) (stating that although a court
cannot render a valid agreed judgment absent consent at the time it is rendered, this does not preclude it, after
proper notice and hearing, from enforcing a settlement agreement complying with Rule 11 even though one
side no longer consents to it). However, an attempt to enforce it must be based upon proper pleadings and
proof. Id. at 462.
3. Though the trial court stated in its conclusion of law number six that it rendered judgment on
November 21, 2002, the determination does not bind us. This is so because what it believed the legal effect
of its action to be is not dispositive. S & A Restaurant Corp. v. Leal, 892 S.W.2d 855, 858 (Tex. 1995) (stating
that "[t]he fact that the trial court believed that he had rendered judgment . . . is not dispositive").