MEMORANDUM OPINION


No. 04-03-00905-CV

IN THE INTEREST OF S.D.M. and C.L.M., Children,

From the 131st Judicial District Court, Bexar County, Texas
Trial Court No. 2000-CI-16001
Honorable Martha Tanner, Judge Presiding
 
Opinion by:    Phylis J. Speedlin, Justice
 
Sitting:            Karen Angelini, Justice
Sandee Bryan Marion, Justice
                        Phylis J. Speedlin, Justice
 
Delivered and Filed:   May 25, 2005

AFFIRMED
            Appellant Dawn Suzette Molina appeals the trial court’s order striking her motion for
enforcement of child support. We affirm.
Background
            Lloyd Molina filed an original petition for divorce on November 2, 2000. Dawn Molina
subsequently filed a counter petition for divorce. Both parties appeared in court on April 4, 2001,
and entered into a written “Rule 11 Agreement and Order for Final Orders” that was signed by the
parties and the trial judge, and filed with the court. See Tex. R. Civ. P. 11. The Rule 11 agreement
set forth the parties’ settlement agreement on the terms of their divorce, including a provision that
Lloyd Molina would pay private school tuition for the parties’ son. A divorce decree was
subsequently entered on November 9, 2001; the private school tuition provision was not included
in the decree. No appeal was taken and the decree became final. On October 3, 2002, Dawn Molina
filed a motion for judgment nunc pro tunc as part of a motion for enforcement of child support,
seeking to correct the final decree’s omission of the private school tuition provision as a “clerical
error.” The trial court denied the motion for judgment nunc pro tunc on February 7, 2003. No
appeal was taken. Approximately eight months later, Dawn Molina filed another motion for
enforcement in which she sought to enforce as child support the private school tuition provision
contained in the Rule 11 agreement. Lloyd Molina responded by filing a motion to strike the motion
for enforcement, which was heard and granted by the trial court on November 6, 2003. This appeal
followed.
Analysis
            In her first issue, Dawn Molina contends the trial court erred in striking and failing to grant
her motion to enforce the private school tuition provision contained in the Rule 11 agreement 
because the Rule 11 agreement constitutes the final judgment in the case. She argues the signing of
the divorce decree was merely a ministerial act, and that a final judgment was rendered by the trial
court on April 4, 2001, when it signed the Rule 11 agreement and order. Lloyd Molina responds that
the Rule 11 agreement is not the final judgment in the case. We agree.
            It is clear from the record that while the Rule 11 agreement was an enforceable order,


 the
parties contemplated the subsequent entry of a final judgment. First, the agreement is entitled “Rule
11 Agreement and Order for Final Orders,” indicating that a final judgment was intended to be
forthcoming. In addition, the agreement recites that the trial court “may, without further notice, enter
binding orders in accordance with [the] agreement.” A judgment or order is final for purposes of
appeal if it actually disposes of all pending parties and claims before the court. Lehmann v. Har-Con
Corp., 39 S.W.3d 191, 195 (Tex. 2001). For an order to constitute a final judgment, there must be
a clear indication in the record that the trial court intended the order to completely dispose of the
entire case. Id. at 205. Here, the Rule 11 agreement contemplates further action, and, in fact, the
parties subsequently did submit a final divorce decree which was signed by the judge on November
9, 2001. Moreover, the trial court’s approval of a settlement agreement does not necessarily
constitute rendition of judgment. S&A Restaurant Corp. v. Leal, 892 S.W.2d 855, 857 (Tex. 1995). 
A judgment is “rendered” when the trial court officially announces its decision on all the matters
submitted to it for adjudication either in open court or by written memorandum filed with the clerk.


 
Id.; see also Arriaga v. Cavazos, 880 S.W.2d 830, 833 (Tex. App.—San Antonio 1994, no writ).
            In contrast to the Rule 11 agreement, the divorce decree signed on November 9, 2001
disposes of all the parties and claims pending before the court, and contains all of the mandated
provisions of a final judgment in a suit affecting the parent-child relationship. See Tex. Fam. Code
Ann. § 105.006 (Vernon Supp. 2004-05); Lehmann, 39 S.W.3d at 195. Based on the record, we
conclude that the divorce decree signed on November 9, 2001 constitutes the final judgment in the
case. Accordingly, we hold the trial court did not err in striking the motion to enforce the private
school tuition provision that was contained in the Rule 11 agreement, but omitted from the final
divorce decree. We note, however, that our holding does not foreclose either party’s ability to bring
a separate suit seeking to enforce the Rule 11 agreement as a contractual settlement agreement. See
Tex. Civ. Prac. & Rem. Code Ann. §154.071 (Vernon 1997); see also Compania Financiara
Libano, S.A. v. Simmons, 53 S.W.3d 365, 367-68 (Tex. 2001) (holding that settlement terms need
not be incorporated into a judgment to be enforceable as contract rights). Ms. Molina’s first issue
is overruled.
            In her second issue, Dawn Molina argues the trial court erred by denying her motion for
judgment nunc pro tunc because the decree’s omission of the private school tuition provision was
a clerical error. See Tex. R. Civ. P. 316. Ms. Molina did not appeal from the court’s February 7,
2003 order denying her motion for judgment nunc pro tunc. Our jurisdiction was invoked based on
her notice of appeal from the November 6, 2003 order striking her last motion to enforce child
support. See Tex. R. App. P. 25.1(b). Therefore, this issue is not properly before us and nothing is
presented for review.
            Finally, because we affirm the trial court’s order on other grounds, we need not address the
third issue raised on appeal concerning the “Mother Hubbard” clause contained in the divorce decree.
            The judgment of the trial court is affirmed.
 
Phylis J. Speedlin, Justice