NO. 07-03-0363-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



JULY 12, 2005


______________________________



EDNA SUE ANDERSON WOODS, 



 Appellant


v.



DANNY CRAIG WOODS, 



 Appellee

_________________________________



FROM THE 356TH DISTRICT COURT OF HARDIN COUNTY;



NO. 42,804; HON. BRITT PLUNK, PRESIDING


_______________________________



Opinion


_______________________________



Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

 Edna Sue Anderson Woods (Edna) appeals from a final divorce decree. Through
two issues, she contends that the trial court erred in 1) "denying [her] Motion to Withdraw
Consent and . . . entering the Final Decree of Divorce" and 2) concluding that it rendered
judgment on the day it approved an agreement pertaining to the division of the marital
estate. We reverse and remand in part and affirm in part.


Background


 After petitioning for divorce but before expiration of the mandatory 60-day waiting
period, see Tex. Fam. Code Ann. §6.702(a) (Vernon 1998) (requiring the court to wait 60
days from the date suit is filed before granting a divorce), Edna and her husband, Danny
Craig Woods, agreed to a particular division of their marital estate. The agreement was
transcribed into the record at a hearing conducted by the trial court on November 21, 2002,
a date some five weeks before expiration of the waiting period. And, though all recognized
that a final judgment could not be entered upon the agreement at the time of the hearing,
each acceded to the execution of temporary orders incorporating it. Then, the trial court
not only approved the accord but also informed the litigants that their bargain would be
incorporated into a final judgment when the prescribed waiting period lapsed. 

 After the temporary orders were executed but before the trial court signed a written
judgment, Edna moved to withdraw her consent to the agreement. A hearing was held on
the motion, after which it was denied. Subsequently, the trial court signed a final decree
of divorce. Therein, it stated that the parties previously had "entered into an Agreement
Incident to Divorce . . .," that the trial court had approved the agreement, and that the
property division reflected in the document was "in accordance with the agreement." 

Authority


 According to the Texas Supreme Court, one may revoke consent to a settlement
agreement at any time before judgment is rendered on the agreement. S & A Restaurant
Corp. v. Leal, 892 S.W.2d 855, 857 (Tex. 1995). This is so because a trial court cannot
render a valid agreed judgment absent the consent of the parties at the time it is rendered. 
Padilla v. LaFrance, 907 S.W.2d 454, 461 (Tex. 1995). That the litigants may have
satisfied the elements of Texas Rule of Civil Procedure 11 in arriving at the accord matters
not; consent at the time judgment is rendered must still exist. (1) Id. Moreover, a judgment
rendered after one party revokes his consent is void. (2) S & A Restaurant Corp. v. Leal, 892
S.W.2d at 857.

 Next, a trial court renders judgment when it officially announces its decision in open
court or by written memorandum filed with the clerk. Id. An intent to render judgment in
the future does not satisfy this test, however. Id. at 857-58; quoting, Reese v. Piperi, 534
S.W.2d 329 (Tex. 1976). Rather, the words spoken or written by the trial court must evince
a present, as opposed to future, act that effectively decides the issues before the court. 
Id. In other words, it must "clearly indicate the intent to render judgment at the time the
words are expressed." Id. 

Application of Authority 


 Here, the record clearly illustrates that Edna withdrew her consent to the November
21, 2002 agreement before the trial court signed the final decree. Yet, Danny argues that
this is unimportant since the trial court actually rendered judgment during the November
21st hearing. We disagree. 

 At the end of the November hearing, the following discourse occurred:

 COURT: Okay. Are we going to do one of two things, No. 1, we can
just go ahead and approve the agreement as to a temporary basis and
enter the temporary orders or we can approve the agreement as to a
temporary basis, enter the temporary orders, and I can make a finding that
the evidence substantiates the granting of the divorce and grant the divorce
contingent on the expiration of the 60 days and the submission of the decree
and the people will not have to come back.


 Counsel: That was our intent, Your Honor, the latter, the temporary
as well as - -


 COURT: Is that what you folks want me to do? In other words, make
a finding that based on what I have heard so far, you have satisfied the
Texas Family Code and your evidence substantiates the granting of the
divorce but you're not divorced. You will not be divorced until after January
the 1st of 2003, at which time Mr. Butler [Edna's attorney] and Mr. Ratliff
[Danny's attorney] would submit a decree to the Court and at that time I
would sign the decree and your divorce would be granted upon signature
and entry of the decree. So, in effect, you would be held under and bound
under these temporary orders pending the signing of the decree at which
time your divorce will be final. Is that what you folks want to do?


 [Edna]: That's fine.


 [Danny]: Yes, sir.

* * *


 COURT: Okay. The Court then this date based on the evidence
submitted to the Court, the Court makes a finding that the evidence
substantiates the granting to Edna Sue Anderson Woods a divorce from
Danny Craig Woods. As to a temporary basis and to a permanent dissolution
of the community property, the Court approves the parties [sic] agreement all
as per the record made this date.


 Whenever the temporary orders are signed and approved by the
attorneys as to form, they will forward it to me and I will sign it and you will be
bound by these temporary orders during the pendency of the divorce. 
Whenever the 60 days expire, which will be January the 1st, 2003, they will
submit a final decree to me that has the property division all as per the record
made this date in the decree. I will sign it, and your divorce will be final at
that time upon signature and entry of the decree. 

(Emphasis added). As can be seen, the italicized passages contain words short of evincing
a clear intent to finally adjudicate (at the time the words were uttered) the rights involved. 
Indeed, the trial court recognized that it could not so resolve the issues at that time. Thus,
it decided to issue "temporary orders" memorializing the agreement "during the pendency
of the divorce." And, once the requisite 60-day period lapsed, the parties were to then
"submit a final decree . . . that has the property division . . .", which decree the trial court
would sign to finalize the divorce. Explicit in these words was the need for further action,
though the trial court obviously revealed the nature of the decision that would be
encompassed by that action. And, the action consisted of the execution of a written decree
containing the parties' agreement. Because of that, we cannot say that the trial court
rendered judgment at the November 21st hearing. (3) 

 In sum, the trial court erred by incorporating into its judgment an agreement which
Edna had previously revoked. Accordingly, we reverse that portion of the judgment that
divides the marital estate of Edna and Danny Woods, affirm the remainder of the decree,
and remand the cause for further proceedings.


 Brian Quinn

 Chief Justice
1. Per Rule 11, ". . . no agreement between attorneys or parties touching any suit pending will be
enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made
in open court and entered of record." Tex. R. Civ. P. 11.
2. Though the judgment may be void, that does not necessarily render the underlying agreement
unenforceable. See Padilla v. LaFrance, 907 S.W.2d 454, 461 (Tex. 1995) (stating that although a court
cannot render a valid agreed judgment absent consent at the time it is rendered, this does not preclude it, after
proper notice and hearing, from enforcing a settlement agreement complying with Rule 11 even though one
side no longer consents to it). However, an attempt to enforce it must be based upon proper pleadings and
proof. Id. at 462.
3. Though the trial court stated in its conclusion of law number six that it rendered judgment on
November 21, 2002, the determination does not bind us. This is so because what it believed the legal effect
of its action to be is not dispositive. S & A Restaurant Corp. v. Leal, 892 S.W.2d 855, 858 (Tex. 1995) (stating
that "[t]he fact that the trial court believed that he had rendered judgment . . . is not dispositive"). 



 Upon
being advised of appellant’s decision, the trial court proceeded to admonish appellant
regarding the effect a plea of no contest could have on his residence status, if he were not
a U.S. citizen. See Tex. Code Crim. Proc. Ann. art. 26.13(a)(4) (Vernon 2009).


 Further,
the trial court admonished appellant that the court would not accept the plea unless
appellant appeared to be mentally competent and that the plea was freely and voluntarily
made. See art. 26.13(b). During the same period of questioning, the trial court also
inquired about appellant’s signature on certain plea papers. Appellant acknowledged that
he understood the constitutional rights that he was giving up and it was his expressed
desire to waive those rights and enter the plea of no contest. The trial court then stated,
“All right. All right. I will accept your plea of no contest. I will approve the waiver of jury. 
We will proceed in a non-jury trial with a plea of no contest.” The trial court then dismissed
the waiting jury. Upon arriving back in the courtroom, the trial judge made the following
statement, “Okay. All right. This is an open plea. It’s a plea of no contest. The Court has
accepted the defendant’s plea of no contest. The State’s intent is to put on all of your
evidence at this time.” After the State answered the trial court, the judge again stated he
had accepted the plea and further found appellant guilty of the offense of forgery as
alleged in the first paragraph of the indictment. Upon inquiring with trial counsel, whether
or not appellant intended to plead true to the enhancement paragraphs, the trial judge was
informed that appellant did intend to plead true to the enhancement paragraphs. The trial
court then stated the following, “If all of these enhancement allegations are found to be
true, then the range of punishment is two to ten years in the penitentiary and an optional
fine of up to $10,000. Do you understand that to be the range of punishment.” Appellant
answered that he understood that to be the range of punishment applicable to himself. 
Further, appellant answered in the affirmative when asked if he and the trial court had
talked about the range of punishment earlier in the proceeding. Finally, the trial court
made the following inquiry, “Okay. Understanding all of that, is it still your desire to enter
your plea of true to these enhancement allegations along with your plea of no contest to
the initial charge of forgery?”


 Appellant answered yes sir to the question asked. 
          With this record before us, appellant asserts that he was not properly admonished
and there was no substantial compliance with the applicable statutory requirements for
admonishment. See art. 26.13(c). Appellant contends this to be so because, the trial
court’s admonishment as to the range of punishment came after the plea of guilty to the
offense of forgery had been accepted by the court.
 Admonishments
          Appellant contends that the plea of no contest was invalid on both federal
constitutional and state statutory grounds. We will review each claim in turn.
Due Process Claim
          Appellant contends that the plea entered was not entered knowingly or voluntarily. 
However, appellant’s brief on this issue consists of the above statement and a citation to
two United States Supreme Court cases about the requirement that a plea be entered
voluntarily. From these general statements, appellant makes the conclusion that, because
the range of punishment was not explained “about the offense to which appellant entered
a no contest plea,” the plea was involuntary. However, appellant is wrong. 
          The range of punishment for the “offense to which appellant entered a no contest
plea” is not the range of punishment applicable to appellant. Appellant pleaded no contest
to forgery, a state jail felony, which carried a possible punishment of 180 days to two years
in a state jail facility. See Tex. Penal Code Ann. § 12.35(a) (Vernon Supp. 2008). An
admonishment on this range of punishment would not have advised appellant of the direct
consequences of entering his plea of no contest and plea of true to the enhancement
provisions. See Bousley v. United States, 523 U.S. 614, 619, 118 S.Ct. 1604, 140 L.Ed.2d
828 (1998). Because the indictment against appellant had three prior state jail felonies
alleged for enhancement purposes, the applicable punishment range was, as explained by
the trial court, not more than 10 years nor less than two years in the institutional divison, with
an optional fine not to exceed $10,000. See Tex. Penal Code Ann. § 12.34 (Vernon 2003). 
Accordingly, we find that the admonishment given by the trial court, while not the model by
which to train judges, did in fact advise appellant of the direct consequences of his plea of
no contest and true and, therefore, did not violate appellant’s due process rights. Bousley,
523 U.S. at 619. Therefore, appellant’s first issue is overruled.
Non-constitutional Statutory Violations
          Appellant also contends that the action of the trial court did not conform to the
requirements of article 26.13. Again, the purpose of this statutory scheme is to ensure that
the appellant’s plea of no contest is entered into with full knowledge of the consequences
of the plea. See State v. Jimenez, 987 S.W.2d 886, 888 (Tex.Crim.App. 1999). In the case
before the court, the consequence in question was the applicable punishment range. 
Appellant desires to couch the inquiry as to the charge appellant formally uttered the phrase
no contest to which, as pointed out above, did not include the applicable range of
punishment. The only direct consequence of appellant’s plea of no contest and true to the
enhancement allegations was the length of any incarceration and fine. Id. at n.6, citing
United States v. Kikuyama, 109 F.3d 536, 537 (9th Cir. 1997). A review of the record
demonstrates that, before appellant had completed his plea of no contest, the direct
consequences of the plea were known to him. The fact that the applicable range of
punishment was not fully explained until the issue of the enhancements paragraphs was
considered does not impact the fact that prior to finishing the plea, appellant was in full
possession of all the information regarding the direct consequences of the plea. With the
knowledge of those facts, appellant continued to insist on entering the plea. Therefore, this
plea was in substantial compliance with the statutory scheme. See art. 26.13(c). 
Accordingly, appellant’s second issue is overruled.
          Furthermore, we note that even if we found that the trial court’s efforts at admonishing
appellant were not in substantial compliance with the statutory scheme, the record before
us does not support the conclusion that such defective admonishment affected a substantial
right of appellant. See Tex. R. App. P. 44.2(b). When we consider the record as a whole,
we have better than a fair assurance that the appellant’s decision to enter a plea of no
contest would not have changed had the trial court admonished appellant exactly as required
under the statute. See Anderson v. State, 182 S.W.3d 914, 919 (Tex.Crim.App. 2006). 
Accordingly, we conclude that error, if any, was harmless. See Tex. R. App. P. 44.2(b).



Conclusion
          Having overruled appellant’s issues, we affirm the judgment of the trial court.
   
 
                                                                           Mackey K. Hancock

                                                                                     Justice

 
 
 
Do not publish.