11th
Court of Appeals

                                                                  Eastland,
Texas

                                                             Memorandum
Opinion

 

In the
Estate of Ida Baldwin Denison, Deceased

No.  11-04-00058-CV --
Appeal from Stonewall County

 

At issue in this case is whether the trial court
erred in entering judgment based upon a mediated settlement agreement after one
party withdrew consent to the settlement agreement.  We find that the trial court erred, and we
reverse and remand the cause.

Ida Baldwin Denison executed her Last Will and
Testament on July 8, 1997.  Ida  bequeathed one-half of her estate to her son
John Wayne Denison and one-half of her estate to John Wayne Denison in trust
for her son Bob Marshall Denison.  John
was named independent executor of the estate. 
Ida died on July 27, 1997, and her will was admitted to probate.  On February 21, 2002, Bob filed suit against
John alleging breach of fiduciary trust with respect to administration of the
estate and constructive fraud while acting as a fiduciary of the estate.  On May 28, 2002, Bob and John entered into a
settlement agreement that divided the estate between John and the Bob Marshall
Denison Trust and provided for a new trustee to be appointed for the
trust.  On June 3, 2002, the trial court
held a hearing and approved the terms of the settlement agreement.   In November 2002, Bob filed a motion to set
aside the settlement agreement.  Pursuant
to John=s motion
for judgment, and after a hearing held on December 4, 2003, the trial court
entered judgment approving of the settlement agreement and incorporating the
terms and conditions of the settlement agreement into the judgment.[1]  








In his first issue on appeal, Bob contends that
the trial court erred in entering judgment based upon the settlement agreement
after Bob had withdrawn his consent to the settlement agreement.  A written settlement agreement may be
enforced even if one party withdraws its consent before judgment is rendered on
the agreement. Mantas v. Fifth Court of Appeals, 925 S.W.2d 656, 658
(Tex.1996)(orig. proceeding); Padilla v. LaFrance, 907 S.W.2d 454, 462
(Tex.1995).  Where consent is lacking,
however, a court may not render an agreed judgment on the settlement agreement
but may enforce it only as a written contract.  Mantas v. Fifth Court of Appeals, supra;  Padilla v. LaFrance, supra.   The party seeking enforcement must pursue a
separate breach of contract claim, which is subject to the normal rules of
pleading and proof.  Mantas v. Fifth
Court of Appeals, supra.  When
the settlement dispute arises while the trial court has jurisdiction over the
underlying action, a claim to enforce the settlement agreement should be
asserted in that court under the original cause number through an amended
pleading or counterclaim; however, where the dispute arises while the
underlying action is on appeal, the party seeking enforcement must file a
separate breach of contract action.  Mantas
v. Fifth Court of Appeals, supra. 
The settlement agreement alone is insufficient to provide a basis for
judgment because it deprives a party of the right to be confronted by
appropriate pleadings, assert defenses, conduct discovery, and submit contested
fact issues to a judge or jury. Citgo Refining And Marketing, Inc. v. Garza,  94 S.W.3d 322, 330 (Tex.App. ‑ Corpus
Christi 2002, no pet=n).  

John did not seek to enforce the settlement
agreement by pursuing a breach of contract claim.  John argues, however, that the trial court
rendered judgment on June 3, 2002, when it approved the terms and conditions of
the settlement agreement.  Therefore, Bob
did not withdraw his consent before judgment was rendered.  We disagree. 


Judgment is rendered when the trial court
officially announces its decision in open court or by written memorandum filed
with the clerk.   S & A Restaurant
Corporation v. Leal, 892 S.W.2d 855 (Tex.1995).  Thereafter, the trial court=s signing of the judgment is merely a
ministerial act.  Alcantar v. Oklahoma
National Bank, 47 S.W.3d 815, 821 (Tex.App. ‑ Fort Worth 2001, no pet=n). 
While the date a trial court signs a judgment determines when a motion
for new trial or notice of appeal must be filed, the date of signing does not
affect or change the date of the rendition of the judgment.  Alcantar v. Oklahoma National Bank, supra.  Once the trial court renders judgment based
on the settlement agreement, the parties cannot revoke their consent to the
agreement. Alcantar v. Oklahoma National Bank, supra.  








At the June 3 hearing, the trial court stated, AI am glad to hereby approve the
settlement.@   The trial court further stated, A And I=ll
state on the record, the settlement is approved by the Court.@ Approval of a settlement does not
necessarily constitute rendition of judgment. 
S & A Restaurant Corporation v. Leal, supra; Able
Cabling Services, Inc. v. Aaron‑Carter Electric, Inc., 16 S.W.3d 98
(Tex.App. ‑ Houston [1st Dist.] 2000, pet=n
den=d). 
The words used by the trial court must indicate a present intention to
render judgment.  S & A Restaurant
Corporation v. Leal, supra;  Able
Cabling Services, Inc. v. Aaron‑Carter Electric, Inc., supra.  The rendition of judgment is a present act
which decides the issues upon which the ruling is made.  S & A Restaurant Corporation v. Leal,
supra;  Able Cabling Services,
Inc. v. Aaron‑Carter Electric, Inc., supra. The trial court=s 
intention to render judgment in the future cannot be a present rendition
of judgment.  S & A Restaurant
Corporation v. Leal, supra;  Able
Cabling Services, Inc. v. Aaron‑Carter Electric, Inc., supra.  Further, the words used by the trial court
must clearly indicate the intent to render judgment at the time the words are
expressed. S & A Restaurant Corporation v. Leal, supra;  Able Cabling Services, Inc. v. Aaron‑Carter
Electric, Inc., supra. 

The trial court=s
statement does not clearly indicate an intention to render judgment at the June
3 hearing.  Moreover, at a hearing on
December 18, 2002, the trial court acknowledged that, in order to Aadopt@
the settlement agreement as the judgment, the settlement agreement must be
enforced pursuant to contract law.  The
trial court further stated in a December 4, 2003, hearing on John=s motion for judgment that it did not
render judgment at the June 3 hearing.  
Because the trial court did not render judgment on the settlement
agreement at the June 3 hearing and because enforcement of the settlement
agreement was not based upon a breach of contract claim, we hold the trial
court erred in entering a judgment enforcing the settlement agreement.  We sustain Bob=s
first issue on appeal.  Because of our
disposition of the first issue, we need not address the remaining issue on
appeal or the cross-point.  TEX.R.APP.P.
47.1.

The judgment of the trial court is reversed, and
the cause is remanded for further proceedings.

 

JIM R. WRIGHT

JUSTICE

September 29, 2005

Not designated for publication. 
See TEX.R.APP.P. 47.2(a).

Panel consists of:  Wright,
J., and McCall, J.[2]











[1]The trial court modified the judgment on February 10,
2004.





[2]W. G. Arnot, III, Chief Justice, retired effective July
31, 2005.  The chief justice position is
vacant.