BARKER v. CITIBANK

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-400-CV

LAURA B. BARKER APPELLANT

V.

CITIBANK (SOUTH DAKOTA) N.A. APPELLEE

------------

FROM COUNTY COURT AT LAW NO. 3 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

On January 6, 2006, Appellant Laura B. Barker filed an “Agreed Motion To Dismiss Appeal,” stating the parties have settled all matters in controversy in this case and requesting the appeal be dismissed.  
See
 
Tex. R. App. P.
 42.1(a)(1).  The motion was also signed by counsel for Appellee Citibank (South Dakota) N.A.  

On January 10, 2006, Appellant filed a “Motion to Ensure Secure Means of Timely Performance,” in which she requests this court to make a ruling: requiring Appellee to “allow a secure means of funds transfer” for implementation of the parties’ settlement agreement; and enacting certain “safeguards” so that if Appellant timely makes the payments required by the parties’ settlement agreement, she cannot be penalized.

On January 20, 2006, we notified the parties that we are not authorized to alter the terms of the parties’ settlement agreement as requested in Appellant’s “Motion to Ensure Secure Means of Timely Performance.”  We requested each party advise us of its position regarding how Appellant’s motion impacts the “Agreed Motion To Dismiss Appeal.”
(footnote: 2)
 Appellee responded that the settlement agreement signed by the parties
(footnote: 3) requires Appellant to dismiss the appeal and that Appellant does not dispute this; rather, Appellant requests we modify the terms of the settlement agreement and then dismiss the appeal.  Appellee contends we are not authorized to modify the terms of the parties’ settlement agreement, and Appellee requests we deny Appellant’s “Motion to Ensure Secure Means of Timely Performance” and grant the motion to dismiss the appeal. 

Appellant’s “Motion to Ensure Secure Means of Timely Performance” states she is “in no way seeking to disturb or change the settlement agreement” with Appellee.  In her response to our inquiry, Appellant  informs us that she is “not seeking in any way to alter anything about the size, frequency, nor duration of the payment program.”  With regard to whether she wants to dismiss the appeal or keep it active, Appellant states, “It should be obvious beyond doubt that I do not want to continue with the lawsuit.  I have signed the settlement; I have begun performance, with not one but two payments forwarded by now.”  She concludes, “I do not want to continue fighting this lawsuit,” and states that if the court chooses to deny her motion to implement safeguards regarding her monthly payments under the settlement agreement, “I would say go ahead and dismiss the thing.” 

Because we are not authorized to take the measures requested in Appellant’s “Motion to Ensure Secure Means of Timely Performance,” we deny the motion.  Because Appellant has confirmed that she wants to dismiss her 

appeal, we grant the “Agreed Motion To Dismiss Appeal.”  Accordingly, this appeal is dismissed.  
See
 
Tex. R. App. P. 
42.1(a)(1), 43.2. 

PER CURIAM

PANEL D:  HOLMAN, GARDNER, and WALKER, JJ.

DELIVERED:  February 9, 2006

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
See
, 
e.g.
, 
S & A Restaurant Corp. v. Leal
, 892 S.W.2d 855, 857 (Tex. 1995) (holding a party may revoke its consent to a settlement agreement at any time before the trial court renders judgment on the agreement).

3:
The parties did not provide us with a copy of the settlement agreement.