COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-400-CV

 

 

LAURA B. BARKER                                                              APPELLANT

 

                                                   V.

 

CITIBANK (SOUTH DAKOTA) N.A.                                            APPELLEE

 

                                              ------------

 

         FROM
COUNTY COURT AT LAW NO. 3 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

On January 6, 2006, Appellant
Laura B. Barker filed an AAgreed
Motion To Dismiss Appeal,@ stating the
parties have settled all matters in controversy in this case and requesting the
appeal be dismissed.  See Tex. R. App. P. 42.1(a)(1).  The motion was also signed by counsel for
Appellee Citibank (South Dakota) N.A.  








On January 10, 2006,
Appellant filed a AMotion to
Ensure Secure Means of Timely Performance,@ in which she requests this court to make a ruling: requiring Appellee
to Aallow a secure means of funds transfer@ for implementation of the parties= settlement agreement; and enacting certain Asafeguards@ so that if
Appellant timely makes the payments required by the parties= settlement agreement, she cannot be penalized.

On January 20, 2006, we
notified the parties that we are not authorized to alter the terms of the
parties= settlement agreement as requested in Appellant=s AMotion to
Ensure Secure Means of Timely Performance.@  We requested each party advise
us of its position regarding how Appellant=s motion impacts the AAgreed Motion To Dismiss Appeal.@[2]








Appellee responded that the
settlement agreement signed by the parties[3]
requires Appellant to dismiss the appeal and that Appellant does not dispute
this; rather, Appellant requests we modify the terms of the settlement
agreement and then dismiss the appeal. 
Appellee contends we are not authorized to modify the terms of the
parties= settlement agreement, and Appellee requests we deny Appellant=s AMotion to
Ensure Secure Means of Timely Performance@ and grant the motion to dismiss the appeal. 

Appellant=s AMotion to
Ensure Secure Means of Timely Performance@ states she is Ain no way
seeking to disturb or change the settlement agreement@ with Appellee.  In her response
to our inquiry, Appellant  informs us
that she is Anot seeking
in any way to alter anything about the size, frequency, nor duration of the
payment program.@  With regard to whether she wants to dismiss
the appeal or keep it active, Appellant states, AIt should be obvious beyond doubt that I do not want to continue with
the lawsuit.  I have signed the
settlement; I have begun performance, with not one but two payments forwarded
by now.@  She concludes, AI do not want to continue fighting this lawsuit,@ and states that if the court chooses to deny her motion to implement
safeguards regarding her monthly payments under the settlement agreement, AI would say go ahead and dismiss the thing.@ 

Because we are not authorized
to take the measures requested in Appellant=s AMotion to
Ensure Secure Means of Timely Performance,@ we deny the motion.  Because
Appellant has confirmed that she wants to dismiss her 

 

 








appeal, we grant the AAgreed Motion To Dismiss Appeal.@  Accordingly, this appeal is
dismissed.  See Tex. R. App. P. 42.1(a)(1), 43.2. 

PER CURIAM

 

PANEL
D:  HOLMAN, GARDNER, and WALKER, JJ.

 

DELIVERED:  February 9, 2006











[1]See Tex. R. App. P. 47.4.





[2]See, e.g.,
S & A Restaurant Corp. v. Leal, 892 S.W.2d 855, 857 (Tex. 1995)
(holding a party may revoke its consent to a settlement agreement at any time
before the trial court renders judgment on the agreement).





[3]The
parties did not provide us with a copy of the settlement agreement.