# NO. 12-13-00324-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE MATTER OF THE* | § | *APPEAL FROM THE 354TH* |
| *MARRIAGE OF EDSEL AMOS DIXON* | | |
| *AND HEATHER D. DIXON AND* | § | *JUDICIAL DISTRICT COURT* |
| *IN THE INTEREST OF ASHLEY* | | |
| *LYNN DIXON, A CHILD* | § | *RAINS COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Edsel Amos Dixon appeals the trial court's final decree of divorce. On appeal, Edsel presents one issue. We reverse and remand.

## BACKGROUND

Edsel Amos Dixon and Heather D. Dixon were married on April 14, 2004, and are the parents of one child, Ashley, born July 27, 2007. On June 26, 2013, Heather filed an original petition for divorce, requesting that she be appointed sole managing conservator, that Edsel be denied access to the child, that Edsel be ordered to pay child support and to provide medical child support, and that she be awarded a disproportionate share of the marital estate. On July 25, 2013, the trial court conducted a hearing that purported to relate to "both the temporary order and a Rule 11 agreement" for the final decree of divorce. The Rule 11 agreement was read into the record in open court by Heather's counsel. The parties agreed that Heather be named as sole managing conservator and Edsel be named as possessory conservator. Edsel would not receive a visitation schedule for possession of or access to Ashley. Any visitation or access to the child "at any future time" would be subject to an agreement between the parties and "according to such terms and conditions as [Heather] might set." Additional provisions in the Rule 11 agreement included the division of the parties' real and personal property.

During the hearing, Edsel testified that the Rule 11 agreement read into the record was his agreement, that it would be a temporary order and that, after the sixty day waiting period, it

would be converted into a final decree of divorce. Additionally, the trial court heard testimony regarding the ownership of personal property that was contested, including a handgun. At the conclusion of the hearing, the trial court stated as follows:

> All right. The court, subject to the sixty days elapsing, finds it has jurisdiction. That the marriage has become insupportable and subject to time passing that [sic] grants the divorce.
>
> Approves the property agreement of the parties as outlined. Finds that the gun was the separate property of [Heather.] Orders that it be returned to her through the attorneys.
>
> Orders that [Heather] be appointed sole managing conservator. [Edsel] possessory conservator. Visitation by agreement.
>
> Orders that [Edsel] pay child support based upon $10 an hour, earning capacity. Also, reimbursement for medical insurance on the child that was born of the marriage.

On September 27, 2013, Edsel filed a withdrawal of consent to the Rule 11 agreement and objection to the entry of judgment. He also stated that the current terms regarding conservatorship, possession, and access were not in the child's best interest. On that same day, a hearing was held for entry of the divorce decree. Heather's counsel presented a decree of divorce that he prepared in conformity with the Rule 11 agreement. However, Edsel's counsel noted that he had filed a withdrawal of his consent to the Rule 11 agreement and requested the court set aside the proposed decree. On October 2, 2013, the trial court informed the parties by letter that he would sign the decree of divorce as presented by Heather's counsel, stating that the term "Rule 11 Agreement" was used at least five times in the July 25, 2013 hearing. The trial court also stated that "[i]f Courts start not honoring Rule 11 agreements, we will have chaos."

The final decree of divorce was signed by the trial court on October 2, 2013. The decree included a recitation that the trial court approved the Rule 11 agreement of the parties and "took the case under advisement pending the expiration of the statutory sixty day waiting period." Further, the trial court stated that the parties had reached an agreement on the issues in the case. The decree granted Heather and Edsel a divorce, divided their real and personal property, and ordered Edsel to pay child support and medical child support. Heather was appointed sole managing conservator of the child and Edsel was appointed possessory conservator. Heather was granted the exclusive right to possession of the child at all times other than as mutually agreed between the parties in writing. Edsel was ordered to have no contact with the child "of

whatsoever nature and wheresoever situated" other than as set forth in the decree. This appeal followed.

In his first issue, Edsel argues that the trial court erred by entering the final decree of divorce based upon a Rule 11 agreement after he fully repudiated the settlement agreement and withdrew his consent prior to rendition of the decree.

## Applicable Law

Generally, a judgment is rendered when the decision is officially announced orally in open court, by memorandum filed with the clerk, or otherwise announced publicly. *Garza v. Tex. Alcoholic Beverage Comm'n*, 89 S.W.3d 1, 6 (Tex. 2002). The words used by the trial court must clearly indicate the intent to render judgment at the time the words are expressed. *S & A Rest. Corp. v. Leal*, 892 S.W.2d 855, 858 (Tex. 1995) (per curiam) (quoting *Reese v. Piperi*, 534 S.W.2d 329, 330 (Tex. 1976)). However, the judge's intention to render judgment in the future cannot be a present rendition of a judgment. *Id.* Nor does approval of a settlement necessarily constitute rendition of a judgment. *Id.* at 857. A court may not grant a divorce before the sixtieth day after the date the suit was filed. TEX. FAM. CODE ANN. § 6.702(a) (West Supp. 2013).

Rule 11 of the Texas Rules of Civil Procedure provides that no agreement between attorneys or parties touching any suit pending will be enforced unless it is in writing, signed, and filed with the papers as part of the record, or unless it is made in open court and entered of record. TEX. R. CIV. P. 11. However, it is not sufficient that a party's consent to a Rule 11 agreement may have been given at one time. *ExxonMobil Corp. v. Valence Operating Co.*, 174 S.W.3d 303, 309 (Tex. App.—Houston [1st Dist.] 2005, pet. denied). Consent must exist at the time the judgment is rendered. *Id.* A party may revoke his consent to a Rule 11 agreement at any time before judgment is rendered. *See id.*; *Leal*, 892 S.W.2d at 857. An agreed judgment rendered after one of the parties revokes his consent is void. *See Leal*, 892 S.W.2d at 857; *Padilla v. LaFrance*, 907 S.W.2d 454, 461–62 (Tex. 1995) ("court cannot render a valid agreed judgment absent consent at the time it is rendered"); *Quintero v. Jim Walter Homes, Inc.*, 654 S.W.2d 442, 444 (Tex. 1983) (holding that when trial court has knowledge that party does not

consent to judgment, trial court should refuse to sanction agreement by making it the judgment of the court).

**Analysis**

In this case, the trial court stated at the final hearing that, subject to the sixty days elapsing, i.e., the statutory waiting period, it had jurisdiction, the marriage had become insupportable, and that it granted the divorce. Then, the trial court recited the terms of the Rule 11 agreement and ruled on the contested personal property matter. The trial court's language during the final hearing indicated a present intent to approve the Rule 11 agreement, but did not indicate a clear intent to render a full, final, and complete decree of divorce until after the sixty day waiting period. *See James v. Hubbard*, 21 S.W.3d 558, 561 (Tex. App.—San Antonio 2000, no pet.) (citing *Leal*, 892 S.W.2d at 857). Moreover, the trial court did not have the authority to grant a divorce on that date because it was less than sixty days after the date the suit was filed. *See* TEX. FAM. CODE ANN. § 6.702(a).

Consequently, rendition of the divorce decree did not occur until October 2, 2013, when the trial judge signed the decree granting the divorce. However, Edsel withdrew his consent to the Rule 11 agreement on September 27, 2013, before the judgment was rendered. Consent must exist at the time that judgment is rendered or it is void. *See ExxonMobil Corp.*, 174 S.W.3d at 309; *Padilla*, 907 S.W.2d at 461–62. Because Edsel withdrew his consent before the trial court rendered the divorce decree, the trial court erred by entering the final decree of divorce based upon the Rule 11 agreement. Therefore, the final decree of divorce is void. *See Leal*, 892 S.W.2d at 857. We sustain Edsel's sole issue.

<u>**DISPOSITION**</u>

Having sustained Edsel's sole issue, we *reverse* the trial court's October 2, 2013 final decree of divorce, and *remand* the case to the trial court for further proceedings.

<u>**SAM GRIFFITH**</u>
Justice

Opinion delivered February 28, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### FEBRUARY 28, 2014

### NO. 12-13-00324-CV

### IN THE MATTER OF THE MARRIAGE OF EDSEL AMOS DIXON
### AND HEATHER D. DIXON AND IN THE INTEREST OF
### ASHLEY LYNN DIXON, A CHILD

Appeal from the 354th District Court

of Rains County, Texas (Tr.Ct.No. 9544)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, because it is the opinion of this court that there was error in the judgment of the court below, it is ORDERED, ADJUDGED and DECREED by this court that the judgment be **reversed** and the cause **remanded** to the trial court **for further proceedings** and that all costs of this appeal are hereby adjudged against the Appellee, **HEATHER D. DIXON,** in accordance with the opinion of this court; and that this decision be certified to the court below for observance.

Sam Griffith, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*