

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00012-CV

Javier **REYES**,
Appellant

v.

Rosa **REYES**,
Appellee

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2017-CI-00772
Honorable Angelica Jimenez, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:    Karen Angelini, Justice
Luz Elena D. Chapa, Justice
Irene Rios, Justice

Delivered and Filed: December 12, 2018

AFFIRMED

Javier Reyes appeals from a final decree of divorce. He argues the trial court erred by granting Rosa Reyes's motion to enter the final decree and by denying him a just and right division of the marital estate. We affirm the final decree of divorce.

### BACKGROUND

Javier and Rosa filed cross-petitions for divorce. Both alleged the marriage had become insupportable, stated there were no children from the marriage, and sought a division of their

marital estate and an award of their attorney's fees. On May 2, 2017, the parties entered into a settlement agreement, and the trial court rendered judgment on the agreement.

Rosa thereafter filed a motion to enter a final order, and the trial court held a hearing on Rosa's motion in December 2017. When asked whether Rosa's proposed final decree comported with the handwritten agreement, Javier's attorney first equivocated before stating the final decree did in fact comport with the parties' agreement. However, Javier's attorney argued the handwritten settlement agreement was invalid because it did not state the agreement "was not subject to revocation" as required by section 6.604 of the Texas Family Code. The trial court granted Rosa's motion and signed the final decree of divorce. Javier timely appealed.

## DISCUSSION

Javier contends the trial court erred by entering the final decree because the settlement agreement did not "provide[], in a prominently displayed statement that is in boldfaced type or in capital letters or underlined, that the agreement is not subject to revocation." *See* TEX. FAM. CODE. § 6.604(b). He also contends the trial court erred by not rendering a just and right division of the marital estate. In support of his contention, Javier cites only to his lawyer's representation at the December 2017 hearing on Rosa's motion that Javier desired to mediate a new settlement agreement.

After the trial court rendered judgment on the parties' agreement on May 2, 2017, Javier was bound by the judgment and could not revoke his consent to the agreement at the December 2017 hearing. *See S & A Rest. Corp. v. Leal*, 892 S.W.2d 855, 857 (Tex. 1995) (per curiam); *Wright v. Wright*, No. 04-08-00175-CV, 2009 WL 331892, at *2–3 (Tex. App.—San Antonio Feb. 11, 2009, no pet.) (mem. op.). The entry of the final decree of divorce in December 2017 was a purely ministerial act. *Wright*, 2009 WL 331892, at *3.

Furthermore, in the final divorce decree, the trial court found the parties' division of the marital estate was a "just and right division." There is nothing in the record (other than Javier's counsel's representation that Javier wanted to revoke his consent to the agreed judgment) suggesting the trial court erred by finding the parties' agreed division of the marital estate was just and right. *See Roberts v. Roberts*, 402 S.W.3d 833, 838–39 (Tex. App.—San Antonio 2013, no pet.). Based on counsel's argument about Javier's mere desire to enter into a new settlement agreement, we cannot say the trial court abused its discretion by not rendering a just and right division of the marital estate. *See id.*

## CONCLUSION

We affirm the trial court's final decree of divorce.

Luz Elena D. Chapa, Justice