COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
 2-07-241-CV

 

 

IN THE INTEREST OF 

 

M.G.F, A CHILD

                                                                                                        

 

                                              ------------

 

             FROM
THE 89TH DISTRICT COURT OF WICHITA COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant Marvin Fulkerson
appeals from the trial court=s order denying his motion to sign an order reducing his child support
obligation and from a judgment confirming a support arrearage of
$48,868.08.  We affirm.

                                            Background








Marvin Fulkerson and Linda
Jordan divorced in 1993.  The final
divorce decree ordered Fulkerson to pay $544 per month as child support for the
benefit of his and Jordan=s minor son,
M.G.F.  On September 8, 1995, the trial
court held a hearing at which the parties orally presented an agreement to
reduce Fulkerson=s child
support obligation from $544 to $338 per month from April 26, 1995, through the
date of the hearing and to $362 thereafter. Fulkerson also agreed to furnish
Jordan a copy of his 1995 tax return as evidence of his income, and Jordan
agreed to provide Fulkerson proof of her actual cost of providing health
insurance for M.G.F. within thirty days of the hearing.  Both parties were sworn and testified that
they accepted the agreement.  At the
conclusion of the hearing, the trial court stated on the record,

The Court will approve the agreement as stated
here on the record in open court and approved by both parties in front of the
Court, and I find that to be at this time in the best interest of the child,
and I will sign a written order to that effect.

 

Who wishes to prepare it?  

 

The trial court made the following entry on its
docket sheet: A9-08-95
Agreed order modifying child support.  J.
Pavlik.@








In response to the trial
court=s question, AWho wishes
to prepare [a written order],@ Fulkerson=s attorney
stated that he had already prepared an order but that he needed to revise it
and send it to opposing counsel for review. 
But after the hearing, Fulkerson=s counsel sent a letter to Jordan=s counsel stating that the $362 recited in the oral agreement was a
mistake and proposing that the support obligation be reduced to $326.50.  He later sent another letter stating that the
child support due for April to September 1995 should be further reduced.  The parties did not submit a written order to
the trial court, and Fulkerson did not furnish Jordan with a copy of his 1995
tax return.

In January 2005, the Attorney
General filed a motion to confirm Fulkerson=s child support arrearage, alleging an arrearage of $50,846.70 based
on a child support obligation of $544 per month through November 30, 2003, the
date on which M.F.G. turned eighteen.  In
response, Fulkerson filed an answer and a AMotion to Sign Agreed Order Modifying Child Support.@








On March 19, 2007, the trial
court heard the Attorney General=s motion to confirm the support arrearage and Fulkerson=s motion to sign an agreed order. 
The Attorney General offered evidence of Fulkerson=s payment record and arrearage based on a support obligation of $544
per month through November 2003.  Most of
the hearing, however, concerned the parties= 1995 agreement and whether the trial court had orally rendered a
judgment approving the agreement. 
Fulkerson argued that the trial court had orally rendered a final
judgment approving the agreement at the conclusion of the 1995 hearing.  Jordan and the Attorney General argued that
the agreement was merely tentative because it was contingent upon the parties= exchanging documentation after the 1995 hearing.

On March 22, 2007, the trial
court signed an order denying Fulkerson=s motion to sign an agreed order, and on April 10, 2007, it signed an
order confirming a child support arrearage of $48,868.08 as of February 28,
2007Cthe amount calculated by the Attorney General for that date based on a
monthly support obligation of $544. 
Fulkerson filed a request for findings of fact and conclusions of law, a
motion for new trial, and, later, a notice of appeal.








After Fulkerson filed his
brief on appeal, the Attorney General filed an agreed motion to abate the
appeal for findings of fact and conclusions of law.  We granted the motion, and the trial court
filed findings of fact and conclusions of law.[2]  The trial court found that it did not orally
render judgment at the September 8, 1995 hearing; that its docket entry of the
same date was not a rendition of judgment; and that the parties= 1995 agreement was contingent upon Fulkerson=s providing Jordan with proof of diminished income, which he failed to
do.  We gave Fulkerson the opportunity to
file a supplemental or amended brief, but he has not done so.

                                             Discussion

In his first issue, Fulkerson
argues that the trial court rendered judgment on the agreed child support
reduction on September 8, 1995, orally and by its docket entry.

The rendition of judgment is
a present act, either by spoken word or signed memorandum, which decides the
issues upon which the ruling is made.  S
& A Rest. Corp. v. Leal, 892 S.W.2d 855, 858 (Tex. 1995).  In a suit affecting the parent-child
relationship, a trial court may render judgment orally in the presence of the
court reporter or in writing, including on the court=s docket sheet or by a separate written instrument.  TEX. FAM. CODE ANN. ' 101.026
(Vernon 2002).








A trial court=s intention to render judgment in the future cannot be a present
rendition of judgment.  S & A
Rest. Corp., 892 S.W.2d at 858.  The
words used by the trial court must clearly indicate the intent to render
judgment at the time the words are expressed. 
Id.  Thus, the words, A[Y]our divorce is granted,@ constitute a rendition of judgment, In re Marriage of Joyner,
196 S.W.3d 883, 887 (Tex. App.CTexarkana 2006, pet. denied) (emphasis added), but the words, AI am going to grant the divorce in this case,@ do not, James v. Hubbard, 21 S.W.3d 558, 561 (Tex. App.CSan Antonio 2000, no pet.) (emphasis added).

Whether a particular action
constitutes a rendition of judgment is a question of fact.  Joyner, 196 S.W.3d at 887 (citing Bockemehl
v. Bockemehl, 604 S.W.2d 466, 469 (Tex. Civ. App.CDallas 1980, no writ)).  When a
trial court makes findings of fact, its findings are reviewable for legal and
factual sufficiency of the evidence to support them by the same standards that
are applied in reviewing evidence supporting a jury=s answer.  Ortiz v. Jones,
917 S.W.2d 770, 772 (Tex. 1996); Catalina v. Blasdel, 881 S.W.2d 295,
297 (Tex. 1994).  When, as here, findings
of fact are filed and are unchallenged, they occupy the same position and are
entitled to the same weight as the verdict of a jury; they are binding on an
appellate court unless the contrary is established as a matter of law or there
is no evidence to support the finding.  McGalliard
v. Kuhlmann, 722 S.W.2d 694, 696 (Tex. 1986); Raman Chandler Props.,
L.C. v. Caldwell=s Creek Homeowners Ass=n, Inc., 178 S.W.3d 384, 390 (Tex.
App.CFort Worth 2005, pet. denied). 
Here, the trial court made findings of fact that it did not orally
render judgment on the agreed child support reduction at the September 8, 1995
hearing and that its docket entry was not a rendition of judgment, and Fulkerson
has not challenged these findings.








There is some evidence to
support the trial court=s finding
that its oral pronouncement on the record on September 8, 1995, did not
constitute a rendition of judgment.  The
trial court said, AThe Court will
approve the agreement . . ., and I will sign a written order to that
effect.@ [Emphasis added]  The trial
court=s use of the words Awill approve@ and Awill sign@ indicate an
intent to render judgment in the future. 
Cf. James, 21 S.W.3d at 561. 
The trial court=s oral
pronouncement of its intention to render judgment in the future could not be a
present rendition of judgment.  See S
& A Rest. Corp., 892 S.W.2d at 858.

The trial court also found
that its docket entry was not a rendition of judgment.  The record supports this finding, too.  The docket entry merely states,@Agreed order modifying child support,@ without any indication of what the trial court=s rulingCif anyCmight have been.  Thus, the
docket entry reflects no present intent to render a judgment of any kind.  See id.

We hold that the record
supports the trial court=s findings
that it did not render judgment orally or by its docket sheet notation on
September 8, 1995, and we overrule Fulkerson=s first issue.








In his second issue, Fulkerson
argues that the trial court erred by denying his 2007 motion to sign a written
order reflecting the parties= agreement pronounced on the record on September 8, 1995, because the
oral agreement is an enforceable rule 11 agreement.  See TEX. R. CIV. P. 11 (providing that agreements between parties are enforceable if
made in open court and entered of record). 
But a judgment cannot be rendered on an agreement, even if it complies
with Rule 11, after any party has withdrawn consent to the agreement.  Kennedy v. Hyde, 682 S.W.2d 525, 529
(Tex. 1984).  It is apparent from the
record of the March 19, 2007 hearing that Jordan had withdrawn her consent to
the September 8, 1995 agreement because Fulkerson had failed to provide her
with a copy of his 1995 tax return showing his decreased income.  Therefore, we hold that the trial court did
not err by denying Fulkerson=s 2007 motion to sign a written order reflecting the 1995 agreement,
and we overrule his second issue.  Having
overruled Fulkerson=s first and
second issues, we also overrule his third, in which he argues that the trial
court erred by not reducing his child support arrearage in accordance with the
1995 agreement.








In his fourth issue,
Fulkerson argues that the trial court erred by excluding evidence of its
September 8, 1995 docket entry.  The
record is somewhat unclear, but it appears that the trial court sustained an
objection when Fulkerson=s present
attorney asked the attorney who represented him in 1995 to refresh his memory
by looking at the 1995 docket entry.  But
the trial court later took judicial notice of its own file.  Moreover, we have already held that the
docket entry did not constitute a rendition of judgment; thus, even if the
trial court erred by sustaining the objection, Fulkerson has failed to show
harm.  See TEX. R. APP. P. 44.1 (providing that no judgment may be reversed on the ground
that the trial court made an error of law unless the error probably caused the
rendition of an improper judgment or probably prevented the appellant from
properly presenting the case on appeal). 
We therefore overrule his fourth issue.

                                             Conclusion

Having overruled all of
Fulkerson=s issues, we
affirm the trial court=s judgment.

PER CURIAM

 

PANEL:      GARDNER, HOLMAN, and WALKER, JJ.

 

DELIVERED:  August 28, 2008











[1]See TEX. R. APP. P.
47.4.





[2]This
renders moot Fulkerson=s
fifth issue on appeal, in which he argues that we should abate the appeal for
findings of fact and conclusions of law, and we overrule his fifth issue.