Schlueter v. Carey

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-01-409-CV

MIKE SCHLUETER D/B/A LANCASTER APPELLANTS

BINGO A/K/A LANCASTER BINGO, 

INC., AND MIKE SCHLUETER, INDIVIDUALLY, 

AND D/B/A ENTERTAINMENT PROPERTIES, 

INC. A/K/A ENTERTAINMENT PROPERTIES, 

INC., AND MIKE SCHLUETER, INDIVIDUALLY, 

AND D/B/A LANCASTER BINGO A/K/A

LANCASTER BINGO, INC. 

V.

BILLIE JEAN CAREY APPELLEE

----------

FROM THE 48
TH
 
DISTRICT COURT OF TARRANT COUNTY

----------

OPINION

----------

Introduction

In this premises liability case, appellants Mike Schlueter and Entertainment Properties, Inc. appeal from the trial court’s judgment for appellee Billie Jean Carey.  In five issues, appellants contend that the judgment against Entertainment Properties is void because the trial court never acquired personal jurisdiction over Entertainment Properties and that the judgment against Schlueter is not supported by the law or the evidence.  We will affirm in part and reverse and render in part.

Background Facts and Procedural History

At just after 10:30 p.m. on January 29, 1998, Billie Jean Carey tripped and fell over a speed bump in the parking lot in front of Lancaster Bingo.  The owner of the property where Carey fell is not a party to this case.  Entertainment Properties leased a portion of the building from the owner for use by Lancaster Bingo and had a joint right to use the parking lot.  Schlueter was the sole shareholder of Entertainment Properties, and he had filed an assumed name certificate that stated he was doing business as Lancaster Bingo on the leased premises.  

Carey originally sued “LANCASTER BINGO, INC.” for her fall and resulting injuries.  She then amended her petition to name as defendant “MIKE SCHLUETER, D/B/A LANCASTER BINGO, A/K/A LANCASTER BINGO, INC. . . . an individual residing in Tarrant County, Texas.”  Schlueter filed a verified denial, in which he denied liability in the capacity in which he had been sued.

The case was tried to the court beginning on April 2, 2001.  During trial, Schlueter proffered a copy of the lease agreement between the property owner and Entertainment Properties.  The trial court then continued the trial so that Carey could conduct discovery regarding Entertainment Properties “on the question of piercing the corporate veil.”  

On August 6, 2001, Carey amended her petition again and named as defendant “MIKE SCHLUETER, D/B/A LANCASTER BINGO, A/K/A LANCASTER BINGO, INC., and MIKE S[CH]LUETER Individually and D/B/A ENTERTAINMENT PROPERTIES, INC., A/K[/A] ENTERTAINMENT PROPERTIES, INC., AND MIKE SCHLUETER Individually and D/B/A LANCASTER BINGO[,] A/K/A LANCASTER BINGO, INC. . . . an individual residing in Tarrant County, Texas.”  Trial resumed on August 6, 2001, and the trial court eventually rendered judgment for Carey against “the Defendants,” Schlueter and Entertainment Properties.

Alter Ego

In their fourth and fifth issues, appellants challenge the trial court’s finding that Schlueter is the alter ego of Entertainment Properties.  Appellants contend that Carey did not plead alter ego, but only sham to perpetrate a fraud, and that the alter ego finding has no support in the evidence.  

The trial court’s judgment must conform to the pleadings or it is erroneous.  
Tex. R. Civ. P. 
301; 
Cunningham v. Parkdale Bank,
 660 S.W.2d 810, 813 (Tex. 1983).  
Texas follows a “fair notice” pleading standard, which looks to whether the opposing party can ascertain from the pleadings the nature and basic issues of the controversy and what testimony will be relevant at trial.  
See Horizon/CMS Healthcare Corp. v. Auld,
 34 S.W.3d 887, 896 (Tex. 2000).  “A petition is sufficient if it gives fair and adequate notice of the facts upon which the pleader bases his claim.”  
Id.
 at 897 (quoting 
Roark v. Allen,
 633 S.W.2d 804, 810 (Tex. 1982)); 
see also
 
Tex. R. Civ. P.
 47 (providing that a pleading setting forth a claim for relief must contain a short statement of the cause of action sufficient to give fair notice of the claim involved, a statement that the damages sought are within the jurisdictional limits of the court, and a demand for judgment).  In the absence of special exceptions, the petition should be construed liberally in favor of the pleader.  
Horizon/CMS Healthcare Corp.
, 34 S.W.3d at 897; 
Boyles v. Kerr,
 855 S.W.2d 593, 601 (Tex. 1993).  A court 
should uphold the petition as to a cause of action that may be reasonably inferred from what is specifically stated, even if an element of the cause of action is not specifically alleged.
  
Boyles,
 855 S.W.2d at 601.

Alter ego and sham to perpetrate a fraud are separate bases for disregarding the corporate fiction, and each must be pleaded separately.  
Castleberry v. Branscum,
 721 S.W.2d 270, 271-72, 275 & n.5 (Tex. 1986).
  
Alter ego applies when there is such unity between the corporation and the individual that the separateness of the corporation has ceased and holding only the corporation liable would result in an injustice.  
Mancorp, Inc. v. Culpepper,
 802 S.W.2d 226, 228 (Tex. 1990); 
Castleberry,
 721 S.W.2d at 272.

In this case, Carey pleaded:

Plaintiff would also show that both Lancaster Bingo (a/k/a Lancaster Bingo, Inc.) and Entertainment Properties, are solely owned by Defendant Mike Schlueter.  That Mike Schlueter organized it as a Texas corporation but neither have been operated as a separate legal entity.  That Mike Schlueter formed Entertainment Properties, Inc. and Lancaster Bingo, Inc. as a form to shield Mike Schlueter from any and all liability.  That Mike Schlueter is running a sham corporation and thus need[s] to be held individually liable for any and all acts arising in connection with this petition.  

Appellants did not specially except to Carey’s pleadings.  In addition, Carey briefed alter ego at the trial court’s request, and appellants voiced no objection.  
Construing Carey’s pleadings liberally, we hold that they gave appellants fair and adequate notice that Carey was relying on alter ego, in addition to sham to perpetrate a fraud, to pierce the corporate veil.  We overrule appellants’ fourth issue.

We now turn to appellants’ no-evidence challenge to the trial court’s alter ego finding.  Findings of fact entered in a case tried to the court have the same force and dignity as a jury’s answers to jury questions.  
Anderson v. City of Seven Points
, 806 S.W.2d 791, 794 (Tex. 1991).  The trial court’s findings of fact are reviewable for legal and factual sufficiency of the evidence to support them by the same standards that are applied in reviewing evidence supporting a jury’s answer.  
Ortiz v. Jones,
 917 S.W.2d 770, 772 (Tex. 1996); 
Catalina v. Blasdel,
 881 S.W.2d 295, 297 (Tex. 1994).

In determining a no-evidence issue, we are to consider only the evidence and inferences that tend to support the finding and disregard all evidence and inferences to the contrary.  
Bradford v. Vento, 
48 S.W.3d 749, 754 (Tex. 2001)
; Cont’l Coffee Prods. Co. v. Cazarez, 
937 S.W.2d 444, 450 (Tex. 1996);
 In re King’s Estate
, 150 Tex. 662, 244 S.W.2d 660, 661 (1951).  Anything more than a scintilla of evidence is legally sufficient to support the finding.  
Cazarez,
 937 S.W.2d at 450;
 Leitch v. Hornsby
, 935 S.W.2d 114, 118 (Tex. 1996).  More than a scintilla of evidence exists if the evidence furnishes some reasonable basis for differing conclusions by reasonable minds about the existence of a vital fact.  
Rocor Int’l, Inc. v. Nat’l Union Fire Ins. Co.
, 77 S.W.3d 253, 262 (Tex. 2002).

A corporation is a separate legal entity that normally insulates its owners or shareholders from personal liability.  
Pabich v. Kellar,
 71 S.W.3d 500, 507 (Tex. App.—Fort Worth 2002, pet. denied) (op. on reh’g).  The corporate fiction is disregarded based on alter ego, however, 
when a corporation is organized and operated as a mere tool or business conduit of another.  
Castleberry,
 721 S.W.2d at 272.  
An alter ego relationship may be shown from the total dealings of the corporation and the individual, such as evidence of the degree to which corporate and individual property have been kept separate; the amount of financial interest, ownership, and control the individual has maintained over the corporation; and whether the corporation has been used for personal purposes.  
Mancorp, Inc.,
 802 S.W.2d at 228; 
Castleberry,
 721 S.W.2d at 272.  In a tort case, the financial strength of the corporate tort-feasor is an important consideration.  
Lucas v. Tex. Indus., Inc.,
 696 S.W.2d 372, 375 (Tex. 1984).  If the corporation sued is not reasonably capitalized in light of the nature and risk of its business, the need might arise to attempt to pierce the corporate veil.  
Id.

Alter ego’s rationale is:  “[I]f the shareholders themselves disregard the separation of the corporate enterprise, the law will also disregard it so far as necessary to protect individual and corporate creditors.”  
Castleberry,
 721 S.W.2d at 272.  
An individual may not, however, be held liable under an alter ego theory based simply on control or ownership of all the corporation’s stock or on the corporation’s failure to observe corporate formalities.  
Tex. Bus. Corp. Act Ann.
 art. 2.21, § A(3) (Vernon 2003);
(footnote: 1) 
Grain Dealers Mut. Ins. Co. v. McKee,
 
943 S.W.2d 455, 458 (Tex. 1997);
 
Howell v. Hilton Hotels Corp.,
 84 S.W.3d 708, 714 & n.6 (Tex. App.—Houston [1
st
 Dist.] 2002, pet. denied) (op. on reh’g); 
Commercial Escrow Co. v. Rockport Rebel, Inc.,
 778 S.W.2d 532, 540 (Tex. App.—Corpus Christi 1989, writ denied)
.

The record in this case shows that Schlueter owned all of the stock in Entertainment Properties and was one of its two officers.  He signed the lease to the premises at issue on behalf of Entertainment Properties, and he filed an assumed name certificate showing that he was doing business at the leased premises as Lancaster Bingo.  
While testifying at trial, Schlueter often referred to himself and Entertainment Properties interchangeably.  For example, he testified that his and Entertainment Properties’ intent was to run a bingo operation on the
 leased premises and that, in January 1998, they were leasing the property for bingo operations under the name of Lancaster Bingo.  
Schlueter acknowledged that he owned the name “Lancaster Bingo,” but testified that, despite the assumed name certificate, he did not run the bingo operations as a sole proprietorship because it was illegal for him to run a bingo hall in Texas.  Instead, the bingo operations were run by various charities.  

Entertainment Properties allowed the charities to run the bingo operations, and collected rent, pursuant to a “lease” between Entertainment Properties and a third party, Cranford & Cranford.  There was no written lease agreement, however, and Entertainment Properties had no employees.  
Therefore, the trial court, as fact finder, could have reasonably inferred that Schlueter entered into an oral lease agreement with Cranford & Cranford on Entertainment Properties’ behalf.

There is some evidence that Entertainment Properties failed to observe certain corporate formalities, such as keeping minutes or passing corporate resolutions
.  There is no evidence, however, that Schlueter comingled Entertainment Properties’ property with his own or that Entertainment Properties was undercapitalized.

Viewing all of this evidence, and the reasonable inferences therefrom, in the light most favorable to the trial court’s findings, 
we hold that the evidence is legally sufficient to support the trial court’s finding that Schlueter was Entertainment Properties’ alter ego.  
See Bradford,
 48 S.W.3d at 754. 
 The total dealings between Schlueter and Entertainment Properties show that there was such unity between them that the separateness of Entertainment Properties had ceased and
 Schlueter operated the corporation as a mere business tool or conduit for himself.  Moreover, holding that only Entertainment Properties could be held liable to Carey for her injuries would result in an injustice because, as we discuss below, Carey did not know of Entertainment Properties’ existence until after the statute of limitations had run.  
See Castleberry,
 721 S.W.2d at 272.
  
We overrule appellants’ fifth issue.

Schlueter’s Duty to Carey

In their second issue, appellants contend that the judgment against Schlueter is improper because Schlueter owed Carey no legal duty.  Appellants do not contend, however, that Entertainment Properties owed Carey no legal duty.  
We have concluded that the evidence supports the trial court’s finding that Schlueter was Entertainment Properties’ alter ego; therefore, Schlueter was liable to Carey for any breach of the legal duty that Entertainment Properties owed her.  
See Mancorp, Inc.,
 802 S.W.2d at 228; 
Castleberry,
 721 S.W.2d at 272.
  We overrule appellants’ second issue.

Unreasonable Risk of Harm

In their third issue, appellants assert that the trial court’s judgment is improper because there is no evidence that a condition of the Lancaster Bingo parking lot presented an unreasonable risk of harm to Carey.  

When the injured party is an invitee, as Carey was, the elements of a premises liability claim are:  (1) the premise owner or occupier had actual or constructive knowledge of a condition; (2) that posed an unreasonable risk of harm; (3) the owner or occupier did not exercise reasonable care to reduce or eliminate the risk; and (4) the owner or occupier’s failure to use such care proximately caused the plaintiff’s injury.  
CMH Homes, Inc. v. Daenen,
 
15 S.W.3d 97, 99 (Tex. 2000).  A condition presents an unreasonable risk of harm if the probability of a harmful event occurring is sufficient that a reasonably prudent person would have foreseen it or some similar event as likely to happen.  
Seideneck v. Cal Bayreuther Assocs.,
 
451 S.W.2d 752, 754 (Tex. 1970); 
Wyatt v. Furr’s Supermarkets, Inc.,
 
908 S.W.2d 266, 269 (Tex. App.—El Paso 1995, writ denied)
.

Carey testified that she tripped and fell over a speed bump in the Lancaster Bingo parking lot at about 10:30 at night, as she was going to play bingo.  She testified that she did not see the speed bump because there was no lighting in the parking lot and some of the light fixtures on the building were not working.  Schlueter testified that he did not know if the lights in the parking lot or on the building were in working condition in January 1998.  He admitted, however, that he did not fix them or have them fixed.  He also conceded that the lease required Entertainment Properties, as lessee, to maintain “all other items not maintained by lessor,” including parking lot lighting and exterior lighting on the building.  

This testimony is more than a scintilla of evidence that the lack of lighting in the Lancaster Bingo parking lot and on the exterior of the building created a risk, foreseeable to a reasonably prudent person, that someone would trip over a speed bump in the parking lot at night and injure herself.  Thus, the evidence is legally sufficient to support the trial court’s finding that a condition on the premises posed an unreasonable risk of harm to Carey.  We overrule appellants’ third issue.

Validity of Judgment Against Entertainment Properties

In their first issue, appellants assert that the trial court’s judgment is void to the extent that it is construed as a judgment against Entertainment Properties, Inc.
(footnote: 2)  Appellants contend that the trial court lacked personal jurisdiction over Entertainment Properties because Entertainment Properties was not sued or served with process, did not waive service of process, and did not make a general appearance before the trial court.  

A judgment rendered against an individual or entity over which the trial court has not acquired personal jurisdiction is void.  
Mapco, Inc. v. Forrest,
 795 S.W.2d 700, 703 (Tex. 1990) (orig. proceeding).  A trial court ordinarily has no authority to render judgment against one who has not been named as a defendant and served with process, 
unless the defendant has appeared generally in the suit.  
Tex. R. Civ. P. 
124; 
Werner v. Colwell,
 
909 S.W.2d 866, 869 (Tex. 1995)
; 
Mapco, Inc. v. Carter,
 
817 S.W.2d 686, 687 (Tex. 1991).  
In this case, Entertainment Properties, as a corporation, was a separate legal entity from Schlueter, even though Schlueter was its sole shareholder.  
See Grain Dealers Mut. Ins. Co.,
 943 S.W.2d at 458.  
Entertainment Properties was not named as a party defendant separate from Schlueter,
(footnote: 3) was never served with process, and did not appear generally by filing an answer or other pleading.  
See
 
Tex. R. Civ. P. 
121.  Thus, the trial court never acquired personal jurisdiction over Entertainment Properties and had no authority to render judgment against it.  Any construction of the trial court’s judgment as being against Entertainment Properties is, therefore, void.
  
See Urbish v. 127th Judicial Dist. Court,
 
708 S.W.2d 429, 431 (Tex. 1986) (orig. proceeding)
 (holding that an 
order is void when a court has no power or jurisdiction to render it).
(footnote: 4)
 Carey asserts that the trial court acquired personal jurisdiction over Entertainment Properties because Schlueter appeared in the suit in his individual capacity “and as sole shareholder for Entertainment Properties, Inc.”  The record shows, however, that Schlueter simply testified at trial that he was Entertainment Properties’ sole shareholder.  Carey cites no legal authority for the proposition that such testimony by a sole shareholder constitutes an appearance by the corporation.  Therefore, this argument is waived.  
Tex. R. App. P.
 38.1(h); 
Fredonia State Bank v. Gen. Am. Life Ins. Co.,
 881 S.W.2d 279, 284 (Tex. 1994).  Further, merely testifying as a witness in a cause does not serve as a general appearance.  
Werner,
 
909 S.W.2d at 870. 

Carey also contends that Entertainment Properties should be held liable because Schlueter failed to disclose its existence in discovery responses and attempted to conceal its identity through Lancaster Bingo.  
There is no evidence, however, that Carey filed any requests for disclosures until after the two-year statute of limitations had run.  
See
 
Tex. Civ. Prac. & Rem. Code Ann. 
§ 16.003(a) (Vernon 2002) (providing that personal injury suit must be filed within two years after day cause of action accrues)
.  The date of Carey’s injury was January 29, 1998.  The case was originally dismissed for want of prosecution on March 7, 2000, just over a month after limitations had run, but the trial court granted Carey’s motion to reinstate.  
Schlueter did not file any discovery responses until October 27, 2000,
 and Carey does not contend that these responses were untimely.  Thus, Carey did not rely on Schlueter’s allegedly misleading disclosures until after the deadline had passed for adding Entertainment Properties as a party.

For all of the foregoing reasons, we hold that the trial court never acquired personal jurisdiction over Entertainment Properties.  Accordingly, we sustain appellants’ first issue.

Conclusion

We reverse the trial court’s judgment against Entertainment Properties and render judgment that Carey take nothing from Entertainment Properties.  We affirm the remainder of the 
trial court’s judgment.

JOHN CAYCE

CHIEF JUSTICE

PANEL A: CAYCE, C.J.; LIVINGSTON and WALKER, JJ.

DELIVERED: June 5, 2003

FOOTNOTES
1:
Article 2.21, section A(3) provides, in pertinent part:  “A holder of shares . . . shall be under no obligation to the corporation or to its obligees with respect to: . . . (3)  any obligation of the corporation on the basis of the failure of the corporation to observe any corporate formality . . . .”  
Id.

2:
The trial court’s judgment states that “the Defendants” include “MIKE SCHLUETER INDIVIDUALLY AND D/B/A ENTERTAINMENT PROPERTIES, INC., A/K/A ENTERTAINMENT PROPERTIES, INC.” and renders judgment for Carey against “Defendants.”  

3:
Carey simply “complain[ed] of . . . MIKE SCHLUETER Individually and D/B/A ENTERTAINMENT PROPERTIES, INC., A/K[/A] ENTERTAINMENT PROPERTIES, INC. . . . an individual residing in Tarrant County, Texas.”  

4:
Judgment against an unserved individual or corporation may be proper if the plaintiff pleads and proves that the individual or corporation is the alter ego of a corporation against whom the trial court has properly rendered judgment.  
See Carter,
 817 S.W.2d at 688; 
Light v. Wilson,
 663 S.W.2d 813, 814 (Tex. 1983); 
Associated Indem. Corp. v. CAT Contracting, Inc.,
 918 S.W.2d 580, 587 (Tex. App.—Corpus Christi 1996) (all holding that trial court cannot render judgment against unnamed, unserved party based on alter ego where alter ego was not pleaded or proved), 
aff’d in part and rev’d in part on other grounds,
 964 S.W.2d 276 (Tex. 1998).  Our research has revealed no legal authority, however, for rendering judgment against an unserved corporation
 simply because its sole shareholder is properly before the court, even if the shareholder is found to be the corporation’s alter ego.  Indeed, such a ruling would seem contrary to alter ego principles, which are applied when holding 
only the corporation
 liable would result in injustice.  
Mancorp, Inc.,
 802 S.W.2d at 228; 
Castleberry,
 721 S.W.2d at 272.