REVERSE and REMAND; Opinion; Opinion Filed October 30, 2012.



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-11-00560-CV

## IN THE INTEREST OF S.L., K.L., A.L. AND E.L., CHILDREN

On Appeal from the 199th District Court
Collin County, Texas
Trial Court Cause No. 199-52973-2008

## MEMORANDUM OPINION

Before Justices Moseley, Fillmore, and Myers
Opinion By Justice Myers

David L. appeals the trial court's judgment in this suit for divorce and suit affecting the parent-child relationship. David brings two issues contending (1) the trial court erred by signing a decree containing terms different from those in the parties' agreement; and (2) the provisions of the decree obligating David's parents to encumber their property and provide financial support for Jennifer L., David's ex-wife, are invalid and unenforceable. We conclude the trial court erred in entering judgment against David's parents, and we remand the cause for entry of judgment in accordance with this Court's opinion.

### BACKGROUND

Jennifer and David married in 1993. They separated in 2003 a few days before Jennifer gave birth to their fourth child. In 2009, Jennifer filed this suit for divorce and suit affecting the

parent-child relationship asking that she be appointed sole managing conservator over the children and that David pay her maintenance and child support.

On September 13, 2010, the parties announced in open court they had reached an agreement on all matters relating to the divorce and the suit affecting the parent-child relationship. David's attorney read the agreement into the record in open court, David and Jennifer testified that they agreed with the terms of the agreement as set forth by David's counsel, and the trial court stated that the court "will grant the divorce[,] . . . will approve the agreement of the parties with regard to the custody, support and visitation of the children of the marriage and find those agreements to be in the best interest of the children[,] . . . [and] will approve the property settlement . . . ." One provision of the agreement was that Jennifer and the children could continue to reside in the house owned either by David's father or a trust he controlled until the children reached the age of majority. During that time, David's parents would pay the maintenance, expenses, taxes, utilities, and insurance for the house. David's attorney stated that "[p]rior to this agreement becoming a final order," the parties were awaiting "a letter or memorandum of understanding" from David's father permitting Jennifer and the children to remain in the house until the children reach the age of majority. David's father never provided the letter or memorandum of understanding.

On December 7, 2010, before the court signed a judgment based on the agreement, Jennifer notified David and the trial court that she "hereby withdraws her consent to the purported non-written agreement between the parties." Jennifer filed a motion to set aside the parties' agreement, and she filed motions for David to be subjected to drug screening and substance-abuse evaluations. The trial court held a hearing on the motions on February 16, 2011. At the conclusion of the hearing, the trial court stated, "We're going to stick with the agreement that we made with regard to the kids. They're going to be joint managing conservators. Mom is going to designate the

residence of the children; live with them." The court also ordered both parents to undergo drug testing and that David could not have possession of the children until the testing on him was completed. The court also required David to attend counseling before he could have unsupervised possession of the children.

Both sides filed motions for judgment attaching proposed decrees. David's proposed decree followed the parties' September 13, 2010 agreement; Jennifer's proposed decree followed the trial court's decisions on December 7, 2010. The court's final judgment states the parties entered into an agreement that the court approved and that the parties stipulated the agreement was enforceable as a contract to the extent permitted by law. The judgment also stated that the child support, conservatorship, and possession was pursuant to the parties' agreed parenting plan. The judgment ordered that the parties were joint managing conservators, Jennifer had the right to designate the children's primary residence, the parties would have possession of the children under a standard possession order, and David would pay child support of $2000 per month. However, David was to have no possession of the children until he passed a drug test, and his possession of the children was to be supervised until he completed counseling, after which, the parties' possession of the children would be under the standard possession order.

The judgment also stated that David would provide Jennifer a Memorandum of Understanding assuring Jennifer that she and the children may remain in the home until the children reach the age of majority. The judgment stated that David and David's parents would be responsible for reimbursing Jennifer "for all expenses and utilities." The judgment further stated the parties agreed that David's parents would pay for all maintenance, repairs, taxes, and insurance on the home and that David's parents would reimburse Jennifer for the cost of installing window coverings in the children's rooms.

David appears pro se before us. We liberally construe pro se pleadings and briefs; however, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. *In re N.E.B.*, 251 S.W.3d 211, 211–12 (Tex. App.—Dallas 2008, no pet.) (citing *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978)). To do otherwise would give a pro se litigant an unfair advantage over a litigant who is represented by counsel. *Id.* at 212.

## ENFORCEMENT OF THE PARTIES' AGREEMENT

In his first issue, David contends the trial court erred in signing a divorce decree that varied from the parties' agreement.[1] David asserts that many provisions in the decree are contrary to the agreement. David argues that after the court rendered judgment on the agreement at the September 13, 2010 hearing by stating the court approved the agreement, found it to be in the best interest of the children, and recorded the agreement in the minutes of the court,[2] Jennifer could not revoke the agreement, and the trial court could not enter judgment contrary to the agreement. David prays that we modify the judgment to comply with the terms of the parties' agreements. We conclude the trial court did not render judgment on the agreement at the September 13, 2010 hearing. Accordingly, Jennifer could and did revoke the agreement, and the trial court was not required to enter judgment in accordance with the revoked agreement.

Rule 11 of the Texas Rules of Civil Procedure permits parties to enter into agreements announced in open court and entered of record. *See* TEX. R. CIV. P. 11. The Family Code also

---

[1] David's first issue is: "After the parties in a divorce reach an agreement that disposes of all the issues of the case, and the agreement is approved and recorded in the minutes of the Court, does the Trial Court commit reversible error when it refuses to sign a decree that accurately incorporates the terms of the agreement, and instead signs a written decree that containing [sic] terms and provisions which differ substantially from those of the agreement?"

[2] Nothing in the record shows the agreement was recorded in the minutes of the court.

contains provisions permitting parties to enter into enforceable agreements to resolve matters related to divorce and suits affecting the parent-child relationship. *See* TEX. FAM. CODE ANN. § 6.604 (West 2006) (settlement agreement on suit for dissolution of marriage); *id.* § 7.006 (agreement concerning division of property and liabilities and spousal maintenance); *id.* § 153.007 (West 2008) (agreed parenting plan for conservatorship and possession of child); *id.* § 154.124 (agreement for child support).

A party may revoke consent to a settlement agreement at any time before judgment is rendered. *S & A Rest. Corp. v. Leal*, 892 S.W.2d 855, 857 (Tex. 1995) (per curiam). Thus, the question is whether the trial court rendered judgment before or after Jennifer revoked consent to the settlement agreement on December 7, 2010.

"Judgment is rendered when the trial court officially announces its decision in open court or by written memorandum filed with the clerk." *Id.* "[A]pproval of a settlement does not necessarily constitute rendition of judgment." *Id.* The supreme court has explained that a rendition of judgment is a present act deciding the issues. *Id.* at 858 (quoting *Reese v. Piperi*, 534 S.W.2d 329, 330 (Tex. 1976)). "The judge's intention to render judgment in the future cannot be a present rendition of judgment. . . . The words used by the trial court must clearly indicate the intent to render judgment at the time the words are expressed." *Id.* (quoting *Reese*, 534 S.W.2d at 330).

David contends the trial court rendered judgment at the hearing on September 13, 2010. After David's attorney read the agreement into the record, David and Jennifer testified the attorney set forth the terms of their agreement. The trial court then stated,

> Okay. I will grant the divorce as requested by the petitioner and the respondent and dissolve the marriage. Make a finding that there are four children of the marriage, none are expected nor were adopted.

> I will approve the agreement of the parties with regard to the custody, support and

visitation of the children of the marriage and find those agreements to be in the best interest of the children.

Also I will approve the property settlement, distribution of the community estate as testified to and as set out in the agreement of the parties and award each person the property they're now in possession of as their separate property in this case.

Thank you all very much. Thank you for working this out.

The trial court's statements are set in the future tense: "I will grant the divorce"; "I will approve the agreement"; and "I will approve the property settlement." The trial court's words do not clearly indicate a present intent to render judgment. *Cf. Able Cabling Services, Inc. v. Aaron-Carter Elec., Inc.*, 16 S.W.3d 98, 100-01 (Tex. App.—Houston [1st Dist.] 2000, pet. denied) (trial court's statement, "the judgment *will* be rendered in accordance with the terms dictated into the record," implied rendition would occur at signing of written judgment).

Furthermore, David's attorney reading the agreement into the record stated, "*Prior to this agreement becoming a final order*, we are awaiting a letter or a memorandum of understanding from the paternal grandfather who owns the home that basically assures mother that she will remain in the home with the children until they reach the age of majority." (Emphasis added.) Thus, the trial court could accept the agreement at the hearing, but judgment could not be rendered on the agreement until the letter or memorandum of understanding was obtained. Therefore, we conclude the trial court did not render judgment at the September 13, 2010 hearing.

Nothing in the record shows the trial court rendered judgment before Jennifer notified David and the trial court on December 7, 2010 that she revoked the agreement. Because judgment had not been rendered, Jennifer was free to revoke the agreement at that time. Once the agreement had been revoked, the trial court was not required to enter judgment in strict accordance with the agreement.

*See S & A Rest. Corp.*, 892 S.W.2d at 857.[3] We conclude the trial court did not err by refusing to sign a decree that accurately incorporated the terms of the agreement. We overrule appellant's first issue.

## JUDGMENT AGAINST NON-PARTIES

In his second issue, David contends the provisions in the judgment requiring David's parents to provide Jennifer financial support and that encumber his parents' property are invalid.[4]

The final judgment stated,

### *Provisions Related to Children's Current Residence*

The parties agree that Jennifer [L.] will remain in the home in which she currently resides located at [address]. David [L.] has agreed to provide Jennifer [L.] with a Memorandum of Understanding which assures Jennifer [L.] that she will remain in the home with the children until all of the children reach the age of majority, and the Memorandum of Understanding must also include the following:

The parties agree that following Jennifer [L.'s] submission to David [L.] and his parents for each month of expenses or receipts for utilities paid, Jennifer [L.] will be reimbursed by David [L.'s] father or parents within fourteen (14) days.

David [L.] and his parents shall be responsible for reimbursing Jennifer [L.] for all expenses and utilities paid beginning September 13, 2010. Jennifer [L.] shall submit all receipts for reimbursement for all expenses and utilities paid for the period beginning September 13, 2010 through date of entry of the Final Decree no later than ten (10) days after the Court signs this final Decree of Divorce.

The parties further agree that David [L.'s] father or parents shall also pay for maintenance and repairs on the home, as well as taxes and insurance on the home on an annual basis.

---

[3] In *S & A Restaurant Corp.*, the supreme court states, "A party may revoke its consent to a settlement agreement at any time before judgment is rendered on the agreement. A judgment rendered after one of the parties revokes his consent is void." *S & A Rest. Corp.*, 892 S.W.2d at 857 (citation omitted). David does not argue the judgment is void because the agreement was revoked and the trial court purported to apply the agreement in the judgment. Instead, he argues only that the agreement was valid and the trial court was required to follow the agreement. Accordingly, we do not address the validity of the judgment based on the agreement but conclude only that the trial court was not required to follow the revoked agreement in rendering judgment.

[4] David's second issue is: "Are the provisions in the final decree of divorce, which purport to obligate appellant's parents to provide appellee financial support and encumber appellant's parents['] separate property invalid?"

The parties further agree that Jennifer [L.] will install blinds or window coverings in each of the children's rooms and will submit receipts for those to the paternal grandparents who will reimburse her for those expenses.

Following submission of receipts by Jennifer [L.] as set forth herein, she shall be reimbursed within fourteen (14) days.

David asserts the judgment is void to the extent it imposes obligations on David's parents because they were not parties in the suit and were never served. Texas Rule of Civil Procedure 124 prohibits the rendition of judgment against "any defendant unless upon service, or acceptance or waiver of process, or upon an appearance by the defendant, as prescribed in these rules, except where otherwise expressly provided by law or these rules." TEX. R. CIV. P. 124. Persons who are not named or served can become parties to a suit by voluntarily submitting themselves to the trial court's jurisdiction. *CIGNA Ins. Co. v. TPG Store, Inc.*, 894 S.W.2d 431, 434–35 (Tex. App.—Austin 1995, no writ). However, a judgment against a person who is not named or served and never appeared before the court is void. *Schlueter v. Carey*, 112 S.W.3d 164, 172 (Tex. App.—Fort Worth 2003, pet. denied).

In this case, David's parents were not named in the lawsuit, they were not served, and they did not appear before the court. Accordingly, the trial court lacked jurisdiction to render judgment against them, and the judgment is void to the extent it imposes obligations against them.

We sustain appellant's second issue.

## CONCLUSION

We reverse the trial court's judgment and remand the cause for entry of judgment in accordance with this Court's opinion.

LANA MYERS
JUSTICE

-8-



# Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

IN THE INTEREST OF S.L., K.L., A.L. AND
E.L., CHILDREN

No. 05-11-00560-CV

Appeal from the 199th District Court of Collin
County, Texas. (Tr.Ct.No. 199-52973-2008).
Opinion delivered by Justice Myers, Justices
Moseley and Fillmore participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**REVERSED** and the cause is **REMANDED** to the trial court for entry of judgment in accordance
with this Court's opinion. It is **ORDERED** that the parties each bear their own costs of this appeal.

Judgment entered October 30, 2012.

_____
LANA MYERS
JUSTICE