COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| LORRI BURNETT AND DAVID BURNETT, | § | No. 08-14-00311-CV |
| | § | |
| Appellants, | | Appeal from |
| | § | |
| v. | | Probate Court No. 2 |
| | § | |
| LISA E. LUNCEFORD AND GRACE GUARDIANS, INDIVIDUALLY AND AS GUARDIAN FOR LYNNE SHIRLEY PAXTON, | § | of El Paso County, Texas |
| | | (TC # 2010-G00204-A) |
| | § | |
| Appellees. | § | |

## O P I N I O N

Lorri Burnett and David Burnett appeal from a summary judgment dismissing their bill of review petition on the ground it is barred by limitations. We affirm.

## FACTUAL SUMMARY

Lynne Shirley Paxton (Paxton) is a person of diminished capacity. In 1997, Paxton's father, George W. Paxton, Jr., was appointed as her guardian. On July 11, 2011, Appellants, Lorri and David Burnett, filed an application for appointment of a successor guardian and they sought to be appointed as guardian of Paxton's person and estate.[1] Paxton's sister, Miriam Lundy, filed a contest to the Burnetts' application asserting that they are disqualified under Section 681 of the Texas Probate Code from serving as guardian. Further, she moved to

---

[1] The application alleged that Lorri Burnett is the Ward's step-sister.

disqualify the Burnetts under Section 681 on the grounds that they have an adverse interest or adverse claim to Paxton or her property, they are parties to a lawsuit concerning or affecting Paxton's welfare, they may be indebted to Paxton, they have engaged in notoriously bad conduct, and they are unsuitable. Lundy requested that a third-party guardian be appointed. Lundy also filed a motion in limine contesting the Burnetts' standing to file an application for guardianship due to their adverse interest to Paxton.

On June 26 and 27, 2012, the probate court heard Lundy's motion in limine and motion to disqualify the Burnetts. At the conclusion of the hearing on June 27, 2012, the probate court stated the following on the record:

[THE COURT]: Okay. The Court, after hearing testimony -- under 642 and 681, of which the motions were put forth by Mr. Marsh -- is of the opinion that under 642, "A person who has an interest which is adverse to the proposed ward or incapacitated person cannot file an application for guardianship," in this case, the Court finds that there is an adverse position between Ms. Burnett -- especially Mr. Burnett now -- in that there's a lawsuit that is pending as far as capacity and undue influence, as far as bank accounts are concerned, interest in brokerage house accounts that Mr. Burnett did not want to waive.

Furthermore, there is a question as to the monies that were used to enhance the value of the property, which was sold by Mr. Paxton to the Burnetts for $100,000, plus the monies that were used by -- the monies of Mr. Paxton that were used to renovate that house.

Under Section 681, "A person may not be appointed as guardian if the person is a person whose conduct is notoriously bad," the Court finds that, that there's some questions as to what --

where monies have gone, and those have to be looked at. And if there's a lawsuit, then there's a conflict. And the Court feels that there's a conflict, like it felt in Section 642.

It's for those reasons that the application for guardianship of Lynne Paxton by the Burnetts is -- the motion in limine is granted, and the motion on suitability is also granted. Draft me an order.

[LUNDY'S COUNSEL]: Is disqualification included in that?

[THE COURT]: Yes.

[LUNDY'S COUNSEL]: I will bring the Court the appropriate order.

On July 10, 2012, the probate court signed a written order granting Lundy's motion in limine and concluding that the Burnetts did not have standing to file or commence an application to create a guardianship for Paxton, to contest the creation of a guardianship for Paxton, to contest the appointment of a guardian of the person or estate of Paxton, to contest the modification of a guardianship for Paxton, or to appear in any guardianship proceeding concerning Paxton. On that same date, the probate court signed a written order granting Lundy's motion to disqualify the Burnetts from serving as the guardian of the estate or person of Paxton because the Burnetts are: parties to a lawsuit concerning or affecting the welfare of Paxton; asserting claims adverse to Paxton or her real and/or personal property; found by the probate court to be unsuitable to serve as guardians; and are found by the probate court to be persons whose conduct is notoriously bad. The probate court subsequently appointed Grace Guardians, by and through Lisa E. Lunceford, a Private Professional Guardian, as the permanent guardian of the person and estate of Paxton.

On July 10, 2014, exactly two years after the probate court signed the written orders, the

Burnetts filed a petition for bill of review against Lisa Lunceford. More than a month later, the Burnetts amended the bill of review petition to name Grace Guardians as a party respondent. Grace Guardians and Lunceford filed a motion for summary judgment alleging that the bill of review is barred by limitations because it was not filed within two years after the probate court rendered its decision in open court on June 27, 2012. The Burnetts filed an untimely summary judgment response. The probate court granted summary judgment in favor of Grace Guardians and Lunceford.

## STATUTORY BILL OF REVIEW

In two related issues, the Burnetts challenge the summary judgment. In their first issue, the Burnetts contend that they timely filed the bill of review petition because the statute of limitations begins to run on the date the trial court signed the challenged orders.

Section 1056.101 of the Texas Estates Code provides for a statutory bill of review to challenge a judgment or order rendered in a guardianship proceeding. TEX.ESTATES CODE ANN. § 1056.101 (West 2014). This statutory bill of review is not subject to the restrictions of an equitable bill of review. *See McDonald v. Carroll*, 783 S.W.2d 286, 288 (Tex.App.--Dallas 1989, writ denied). Section 1056.101 provides as follows:

> (a) An interested person, including a ward, may, by a bill of review filed in the court in which the guardianship proceeding was held, have **an order or judgment rendered by the court** revised and corrected on a showing of error in the order or judgment.
>
> (b) Except as provided by Subsection (c), **a bill of review to revise and correct an order or judgment may not be filed more than two years after the date of the order or judgment**.
>
> (c) A bill of review to revise and correct an order or judgment filed by a person

whose disability has been removed must be filed not later than the second anniversary of the date the person's disability was removed. [Emphasis added].

The Burnetts assert that Section 1056.101(b) is ambiguous and should be construed to mean that the two-year limitations period begins to run on the date the order or judgment is signed. Appellees maintain that the limitations period begins to run on the date the order or judgment is rendered. These competing interpretations require us to construe Section 1056.101.

*Statutory Construction*

When an appellate court construes a statute, its goal is to ascertain and give effect to the Legislature's intent as expressed by the language of the statute. *See Texas Mutual Insurance Company v. Ruttiger*, 381 S.W.3d 430, 452 (Tex. 2012); *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625 (Tex. 2008). We presume that the entire statute is intended to be effective and that the legislature enacted it with complete knowledge of the existing law and with reference to it. TEX.GOV'T CODE ANN. § 311.021(2)(West 2013); *Acker v. Texas Water Commission*, 790 S.W.2d 299, 301 (Tex. 1990). Legislative intent is generally determined by examining the plain meaning of the words chosen by the Legislature. *Ruttiger*, 381 S.W.3d at 452; *City of Rockwall*, 246 S.W.3d at 625. We must also consider any technical or particular meaning the words have acquired. TEX.GOV'T CODE ANN. § 311.011(b). Further, we will presume that the Legislature deliberately and purposefully selected words and phrases it enacts, as well as deliberately and purposefully omitted those words and phrases it does not enact. *Ruttiger*, 381 S.W.3d at 452. If the statutory text is clear, it is determinative of legislative intent unless the plain meaning of the statute's words would produce an absurd result. *Ruttiger*, 381 S.W.3d at 452.

Focusing exclusively on Section 1056.101(b), the Burnetts argue that the statute is

ambiguous because it does not specify whether "the date of the order" is the date it was "rendered" or the date it was "signed." The rules of statutory construction require us to consider the statute as a whole rather than its isolated provisions, and one provision should not be given meaning out of harmony or inconsistent with other provisions. *See Helena Chemical Co. v. Wilkins*, 47 S.W.3d 486, 493 (Tex. 2001). Thus, our construction of the statute must also take into account Subsection (a) which permits a party to challenge an "order or judgment rendered by the court." TEX.ESTATES CODE ANN. § 1056.101(a).

The term "rendered" is not defined, but it has acquired a particular meaning in the context of judgments. A court's judgment is its announcement of the resolution of the issues in a lawsuit. *State v. Naylor*, 466 S.W.3d 783, 788 (Tex. 2015). A judgment routinely goes through three stages: rendition, reduction to writing, and entry. *General Electric Capital Auto Financial Leasing Services, Inc. v. Stanfield*, 71 S.W.3d 351, 354 (Tex.App.--Tyler 2001, pet. denied); *Oak Creek Homes, Inc. v. Jones*, 758 S.W.2d 288, 290 (Tex.App.--Waco 1988, no writ). Judgment is rendered "when the trial court officially announces its decision in open court or by written memorandum filed with the clerk." *Naylor*, 466 S.W.3d at 788, *quoting S & A Restaurant Corporation v. Leal*, 892 S.W.2d 855, 857 (Tex. 1995). In contrast, the formal entry of a signed judgment is merely a ministerial act. *See Ex parte Olivares*, 662 S.W.2d 594, 595 (Tex. 1983); TEX.R.CIV.P. 306a(2)("Judges, attorneys and clerks are directed to use their best efforts to cause all judgments, decisions and orders of any kind to be reduced to writing and signed by the trial judge with the date of signing stated therein."). A judgment is "entered" when it is spread upon the minutes of the trial court by a purely ministerial act of the clerk of the court, and "entered" is

- 6 -

synonymous with neither "signed" nor "rendered" when used in relation to a judgment or the date of the judgment. *Oak Creek Homes, Inc.*, 758 S.W.2d at 290, *citing Burrell v. Cornelius*, 570 S.W.2d 382, 384 (Tex. 1978).

The signing of the judgment has considerable significance because it marks the beginning of the periods prescribed by the Rules of Civil Procedure for the trial court's plenary power to grant a new trial or to vacate, modify, correct, or reform a judgment, and for filing in the trial court the documents that the rules authorize a party to file within these periods, including a motion for new trial, motion to modify the judgment, motion to reinstate a case dismissed for want of prosecution, motion to vacate the judgment, and request for findings of fact and conclusions of law. *See* TEX.R.CIV.P. 306a(1).[2] Likewise, the appellate timetable begins to run on the date the trial court signs the judgment or appealable order. *See* TEX.R.APP.P. 26.1. We are required to presume that the Legislature was aware of the difference between the terms "rendered" and "signed" when it enacted Section 1056.101(a). If the Legislature had intended for the limitations period to run from the date on which the court signed the order or judgment, it could have so provided. We conclude that the limitations period provided by Section 1056.101(b) begins on the date the trial court rendered the order or judgment in question rather than the date the court signed the judgment or order.

*Date of Rendition*

In their second issue, the Burnetts contend that the probate court's oral announcement of its ruling did not amount to rendition of the challenged orders. A trial court renders judgment

---

[2] TEX.R.CIV.P. 306a(1) expressly states that it "shall not determine what constitutes rendition of a judgment or order for any other purpose."

- 7 -

orally when it announces rendition as a present act and not as an "intention to render judgment in the future." *Naylor*, 466 S.W.3d at 788, *quoting S & A Restaurant*, 892 S.W.2d at 858. The words used by the trial court must clearly indicate the intent to render judgment at the time the words are expressed. *S & A Restaurant*, 892 S.W.2d at 858.

At the conclusion of the hearing, the probate court unequivocally granted Lundy's motion in limine and motion to disqualify the Burnetts. The court's statements that each motion "is granted" demonstrate an intent to rule as a present act, and the request for Lundy's counsel to draft an order does not reflect that the court intended to rule in the future or that its rulings would not be effective until it signed the order. *Compare Greene v. State*, 324 S.W.3d 276, 283 (Tex.App.--Austin 2010, no pet.)(trial court's usage of present-tense language in letter, stating that "judgment is rendered," indicated her intent to render judgment at that time, rather than at some point in the future once the form of judgment had been prepared) *with Reese v. Piperi*, 534 S.W.2d 329, 330 (Tex. 1976)(trial judge's statement that he was required to grant a motion for new trial and "will grant it" unless the parties resolved their differences constituted an intention to grant judgment in the future and was not a present rendition of judgment) *and James v. Hubbard*, 21 S.W.3d 558, 561 (Tex.App.--San Antonio 2000, no pet.)(holding that judge's statements that he was "going to grant" a divorce coupled with a request that a "final" divorce decree be on his desk by Wednesday did not indicate a present intent to render judgment). We conclude that the trial court rendered the orders at the conclusion of the hearing on June 27, 2012. Consequently, the trial court properly granted summary judgment on the ground that the Burnetts' bill of review is barred by the two year statute of limitations. *See* TEX.ESTATES CODE

ANN. § 1056.101(b).  Issues One and Two are overruled.  Having overruled both issues, we affirm the summary judgment.

December 7, 2016
ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Hughes, J., and Larsen, J. (Senior Judge)
Larsen, J. (Senior Judge), sitting by assignment