**Denied and Opinion Filed April 8, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-19-00292-CV

### IN RE YAMAHA GOLF-CAR COMPANY, Relator

**Original Proceeding from the 162nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-16-02698**

## MEMORANDUM OPINION

Before Justices Bridges, Osborne, and Carlyle
Opinion by Justice Carlyle

The underlying proceeding arises from a golf-car rollover accident in which a nine-year-old boy was injured. The child's parents, Tim and Jennifer Siegel, sued relator Yamaha Golf-Car Company and other defendants. Yamaha joined a co-defendant's motion to designate Texas Tech University Medical Center ("UMC") as a responsible third party based on allegations that UMC paramedics improperly intubated the child en route to the hospital and the faulty intubation caused the child to be deprived of oxygen for an extended period and suffer brain damage. The trial court granted the designation. The Siegels later moved to strike the designation, arguing that Yamaha was required to provide evidence that the UMC paramedics engaged in willful and wanton negligence pursuant to Chapter 74 of the civil practice and remedies code but failed to do so. In this original proceeding, Yamaha complains of the trial court's order striking the responsible third party designation. We deny the petition.

**The Order Striking the Designation**

On June 7, 2018 and June 8, 2018, the trial court heard argument on the motion to strike the responsible third party designation and on other motions at a pre-trial[1] hearing. On July 12, 2018, the trial judge sent an e-mail to her court administrator. In the e-mail, the trial judge stated that she needs "the following orders" and then set out a two-column table listing each motion and her ruling on each motion. The ruling listed for the motion to strike the designation of UMC as a responsible third party was "Granted." The court administrator then forwarded the judge's e-mail to all counsel of record and asked the parties to submit appropriate orders approved as to form pursuant to the judge's rulings set out in the judge's e-mail.

The trial judge did not, however, sign a written order granting the motion to strike the responsible third party designation until February 11, 2019. Yamaha filed this original proceeding on March 8, 2019. The Siegels filed a "preliminary response" to the mandamus petition, arguing that the petition is barred by laches.

**Mandamus Standard**

Mandamus relief is warranted when the trial court clearly abuses its discretion and the relator has no adequate appellate remedy. *In re Coppola*, 535 S.W.3d 506, 507–08 (Tex. 2017) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding). Mandamus is a proper remedy when a trial court abuses its discretion by striking a responsible third party designation. *See In re Coppola*, 535 S.W.3d at 508; *In re Brokers Logistics, Ltd.*, 320 S.W.3d 402, 409 (Tex. App.—El Paso 2010, orig. proceeding).

**Applicable Law**

Section 33.004 of the Texas Civil Practice and Remedies Code permits a tort defendant to designate a person as a responsible third party. TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(a);

---

[1] The June 11, 2018 trial setting was continued to April 1, 2019.

The trial court may later strike the designation if, after adequate time for discovery, no legally sufficient evidence of responsibility exists. *Id.* § 33.004(l). Once a motion to strike is filed, the trial court "shall grant" the motion "unless a defendant produces sufficient evidence to raise a genuine issue of fact regarding the designated person's responsibility for the claimant's injury or damage." *Id.* "Under this standard, a defendant has the burden to produce sufficient evidence for a reasonable jury to hold the third party responsible for at least a portion of the plaintiff's injury or damage." *In re Enter. Beaumont Marine W., LP*, No. 09-16-00032-CV, 2016 WL 1469085, at *1 (Tex. App.—Beaumont Apr. 14, 2016, orig. proceeding) (mem. op.) (citing *In re Transit Mix Concrete & Materials Co.*, No. 12–13–00364–CV, 2014 WL 1922724, at *3 (Tex. App.—Tyler May 14, 2014, orig. proceeding) (mem. op.)). Once a party is designated as a responsible third party, the only statutory ground for striking the designation is that "there is no evidence that the designated person is responsible for any portion of the claimant's alleged injury or damage." *In re Brokers Logistics, Ltd.*, 320 S.W.3d at 406 (quoting TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(l)).

## Discussion

This proceeding poses two questions for the Court: whether laches bars mandamus review, and whether the trial court abused its discretion. Although mandamus is a legal remedy, it is largely controlled by equitable principles, including the concept that equity aids the diligent and not those who slumber on their rights. *Rivercenter Assocs. v. Rivera*, 858 S.W.2d 366, 367 (Tex. 1993); *Rogers v. Ricane Enters.*, 772 S.W.2d 76, 80 (Tex. 1989). A delay of only a few months can result in waiver by laches. *See Rivera*, 858 S.W.2d at 366 (four months); *In re Pendragon Transp. LLC*, 423 S.W.3d 537, 540 (Tex. App.—Dallas 2014, orig. proceeding) (six month delay and filed less than two weeks before trial); *In re Saldivar*, No. 13-17-00648-CV, 2017 WL 5760319, at *6 (Tex. App.—Corpus Christi-Edinburg Nov. 28, 2017, orig. proceeding) (relators'

–3–

four-month delay in seeking relief waived their right to pursue mandamus relief from denial of motion for leave to designate responsible third party); *Bailey v. Baker*, 696 S.W.2d 255, 256 (Tex. App.—Houston [14th Dist.] 1985, orig. proceeding) (four-month delay, no explanation for delay, and filed two weeks prior to trial).

Here, Yamaha waited eight months after the trial court's July 12, 2018 e-mail ruling to seek mandamus relief, filed the petition only three weeks before trial, and initially offered no explanation for the delay. In its reply brief, Yamaha argues that the e-mail from the court coordinator was not sufficiently clear and specific to be reviewed by mandamus but was, instead, simply an expression of future intent to sign a written order. We disagree. The e-mail states specifically that the judge had granted the motion to strike and, as such, signing an order was merely a ministerial act. *See, e.g.*, *Burnett v. Lunceford*, 545 S.W.3d 587, 592–93 (Tex. App.—El Paso 2016, pet. denied) ("The court's statements that each motion "is granted" demonstrate an intent to rule as a present act, and the request for Lundy's counsel to draft an order does not reflect that the court intended to rule in the future or that its rulings would not be effective until it signed the order"); *see also Greene v. State*, 324 S.W.3d 276, 282–83 (Tex. App.—Austin 2010, no pet.) ("The present-tense language of Judge Cooper's letter, stating that "judgment is rendered," indicates her intent to render judgment at that time, rather than at some point in the future once the form of judgment had been prepared").

The trial court's e-mail ruling was sufficiently clear and direct to be reviewed through mandamus. By waiting eight months after that ruling to seek mandamus relief and filing its petition three weeks before trial, Yamaha "waived through delay" its right to pursue mandamus relief of the trial court's order striking the responsible third party designation. *See, e.g., In re Saldivar*, 2017 WL 5760319, at *6.

–4–

Further, the underlying legal issue of whether Yamaha was required to present evidence that UMC engaged in willful and wanton conduct is an issue of first impression not appropriate for mandamus review. The Siegels argued below that the applicable legal standard for EMS providers responding to an emergency situation is not to act willfully or wantonly as set out in section 74.151(a) of the civil practice and remedies code. In contrast, Yamaha maintains that it was only required to bring forth evidence that the UMC paramedics failed to exercise ordinary care under Chapter 33 because a responsible third party may only be found responsible in part for a plaintiff's injuries and may not be held liable for its conduct. Yamaha relies on a 2015 opinion from the Houston Fourteenth Court of Appeals to support its argument. *ExxonMobil Corp. v. Pagayon*, 467 S.W.3d 36, 49 (Tex. App.—Houston [14th Dist.] 2015), *rev'd sub nom. Pagayon v. Exxon Mobil Corp.*, 536 S.W.3d 499 (Tex. 2017). In *Pagayon*, the court held that Chapter 74's standard of proof of liability for providers of emergency medical care was inapplicable to a responsible third party designation because "even if an emergency-room physician has not deviated from the standard of care sufficiently to make him "liable" for damages, he nevertheless may have deviated from it sufficiently to make him "responsible." *Id.* at 50.

No other court has addressed the question of whether Chapter 74's or Chapter 33's standards apply to a party's efforts to designate a provider of emergency medical care as a responsible third party. And the *Pagayon* opinion was vacated without addressing that question. *Pagayon v. Exxon Mobil Corp.*, 536 S.W.3d 499 (Tex. 2017). This case, therefore, presented the trial court with an issue of first impression. "An issue of first impression can qualify for mandamus relief where the principle of law on which the relator relies is 'positively commanded and so plainly prescribed under the law as to be free from doubt.'" *In re Collin Cty.*, 528 S.W.3d 807, 814 (Tex. App.—Dallas 2017, orig. proceeding) (quoting *In re Medina*, 475 S.W.3d 291, 298 (Tex. Crim. App. 2015) (orig. proceeding)); *In re Hawk*, No. 05-16-00462-CV, 2016 WL 3085673, at *2 (Tex.

App.—Dallas May 31, 2016, orig. proceeding) ("An issue of first impression can qualify for mandamus relief even though the factual scenario has never been precisely addressed when the principle of law has been clearly established"). This is not such a case. Mandamus is unwarranted here because the principle of law Yamaha urged the trial court to follow is neither positively commanded nor plainly prescribed under the law. As such, the trial court's ruling is not properly reviewed through mandamus.

Under this record, we conclude Yamaha waived through delay its right to pursue mandamus relief and, in any event, the legal issue of first impression urged by Yamaha is not subject to mandamus review. Accordingly, we deny relator's petition for writ of mandamus.

/Cory L. Carlyle/
CORY L. CARLYLE
JUSTICE

190292F.P05